THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JONES, Appellant.—

Defendant was arrested for selling $30 of crack to an undercover police officer on May 6, 1987. On appeal, it is argued that the backup officer's testimony as to the description of the suspect given by the undercover officer constituted impermissible bolstering. The People concede such was error; however, in light of the overwhelming nature of the proof against the defendant, it must be deemed harmless *(People v Candelario,* 156 AD2d 191 [1st Dept 1989]; *People v Milburn,* 19 NY2d 910 [1967]). The uncontroverted evidence of identification is so strong and clear that there was no significant probability that the jury would have reached a different result *(People v Johnson,* 57 NY2d 969 [1982]).

The defendant also urges that the court's *Sandoval* ruling was error in that it allowed cross-examination as to the fact that he had been convicted of one felony and seven misdemeanors in the last eight years. This argument is also meritless.

Balancing the probative value of such testimony against any prejudice to a defendant rests within the sound discretion of the trial court *(People v Williams,* 56 NY2d 236 [1982]). Here, there was no abuse of that discretion. The introduction of these prior convictions highlighted the defendant's consistent attitude of putting his own interests before those of society. It is to be noted that the court limited the inquiry to whether the defendant had been convicted of either a felony or a misdemeanor on a particular date and the specifics of those crimes were not allowed. Moreover, the strong nature of the case against him shows that any possible error in the court's balancing was harmless *(People v Shields,* 46 NY2d 764 [1978]).

We have reviewed the remainder of appellant's arguments and find them to be without merit. Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.