■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED DAVIS, Appellant.—Judgment, Supreme Court, New York County (John Bradley, J.), rendered August 12, 1988, convicting defendant, after a jury trial, of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [a]) and assault in the second degree (Penal Law § 120.05 [6]) and sentencing him, as a predicate felon, to concurrent indeterminate prison terms of from 6 to 12 years on the robbery counts and from 3 to 6 years on the assault count, unanimously affirmed.

Defendant's claim of a violation pursuant to *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), on the ground that the People failed to deliver Detective Salvato's memo book to the defense until after the *Wade* hearing, is unpreserved for review as a matter of law. (CPL 470.05 [2]; *see, People v Simonds,* 140 AD2d 236, *affd* 73 NY2d 945, 946-947.) It is undisputed that defense counsel received the material prior to commencement of the trial and proceeded to trial without registering an objection until after Detective Salvato testified. Indeed, even then, the sole remedy requested by defendant was for the court to reconsider its *Wade* determination on a discrepancy which defendant contended undermined the credibility of the witness. In this regard, it is significant that defense counsel prefaced the application by saying, "I don't think there is anything within the memo book one way or another which affects this determination".

Nor do we find that an interest of justice review is warranted. The minor discrepancy between Detective Salvato's hearing testimony and what was recorded in the memo book was unlikely to have affected the hearing court's credibility findings regarding this witness.

With respect to defendant's claim that the People violated their obligations pursuant to *Brady v Maryland* (373 US 83) by failing to disclose certain facts relating to a former codefendant's alibi, we conclude, upon examination of this record, that even if the undisclosed facts—which the People have acknowledged were known to the Trial Assistant—had been produced for use by the defense at trial, it is unlikely that a different result would have been reached in this trial. *(See,*

*People v Simonds, supra.)* In this context, we are significantly influenced by the fact that the jury was aware, through stipulation, that the complainant may have erroneously identified the former codefendant.

Finally, defendant's arguments pertaining to the prosecutor's summation and the court's instructions to the jury are unpreserved as a matter of law *(see,* CPL 470.05 [2]; *People v Balls,* 69 NY2d 641) and we therefore do not address them. Concur—Milonas, J. P., Kassal, Wallach and Smith, JJ.