■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SANTANA, Appellant.—Judgment, Supreme Court, New York County (John A. K. Bradley, J.), rendered September 14, 1988, after a jury trial, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him as a predicate felon to a term of imprisonment of from 6 to 12 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt. Defendant called out to the undercover police officer, "how many", and then directed another person to sell drugs to the officer. Defendant, who perfectly matched the undercover's description, was thereafter arrested at the buy location.

We reject defendant's argument that the admission of his arrest photograph, combined with the undercover officer's testimony that the photograph depicted defendant wearing the

same sheepskin coat he wore when he sold him the drugs, constituted improper bolstering of the undercover officer's identification testimony. Contrary to defendant's argument, photographs are admissible to establish a defendant's appearance on the date of the crime. *(People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020.)

Defendant has failed to preserve for appellate review his arguments that the arresting officer bolstered the undercover officer's identification by testifying as to the radio descriptions provided by the undercover officer and that the latter identified the three suspects in custody. *(See,* CPL 470.05; *People v West,* 56 NY2d 662.) Were we to consider these arguments in the interest of justice, we would find that reversal is not warranted since any error in this regard was harmless given the overwhelming evidence of guilt. Moreover, there was no danger that the jury would take the arresting officer's testimony as a substitute for the undercover officer's identification. *(People v Johnson,* 57 NY2d 969; *People v Burgess,* 66 AD2d 667; *People v Jones,* 158 AD2d 346.)

Defendant's contention that the court denied him a fair trial in failing to deliver an agency charge is both unpreserved (CPL 470.05) and meritless. *(People v Roche,* 45 NY2d 78, 86, *cert denied* 439 US 958; *People v Lam Lek Chong,* 45 NY2d 64, 75; *People v Argibay,* 45 NY2d 45, 53.) Concur—Sullivan, J. P., Ross, Kassal, Ellerin and Wallach, JJ.