■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN VEGA, Appellant.—Judgment, Supreme Court, Bronx County (George Covington, J.), rendered November 17, 1989, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree and sentencing him to an indeterminate prison term of from 2⅓ to 7 years, unanimously affirmed.

On the morning of December 5, 1988, after speaking to a woman who described defendant's vehicle, police officers stopped a Jeep matching the description and asked defendant to get out with his hands up. As defendant alighted, Police Officer Panico observed a holster on defendant's waistband and removed a loaded revolver.

Officer Panico testified at trial that when he first saw defendant's Jeep, it was unoccupied. In testifying before the Grand Jury, Panico failed to state that the Jeep was unoccupied when he first saw it. Since Panico's Grand Jury statements merely omitted facts concerning which Panico had not

been specifically questioned, the court correctly held that those statements did not constitute prior inconsistent statements which counsel could use at trial for impeachment purposes *(People v Bornholdt,* 33 NY2d 75, 88, *cert denied sub nom. Victory v New York,* 416 US 905).

The police stopped defendant on the basis of information supplied by a woman that defendant had been impersonating a police officer, pointing a gun at women, picking them up, and raping them. The police officers' conversation with the woman was properly admitted as necessary background information, and the court's extensive cautionary instructions eliminated any possibility that defendant would be prejudiced *(People v Fay,* 85 AD2d 512, *appeal withdrawn* 56 NY2d 593).

Officer Panico testified that the woman gave him a piece of sandwich bag paper containing a license plate number and vehicle description. Since counsel never raised any *Rosario* argument regarding the destruction of this paper, defendant's claim that the court committed reversible error in failing to impose a sanction is unpreserved for appellate review *(People v Baez,* 155 AD2d 256). Furthermore, by failing to request any sanction at trial for the prosecutor's late delivery of an internal affairs police report, this issue is also unpreserved *(People v Davis,* 160 AD2d 664).

Finally, defendant's request for a missing witness charge regarding the prosecutor's failure to call a police officer who had remained in the back seat of the patrol car during defendant's arrest was properly refused since defendant failed to meet his initial burden of establishing the witness was knowledgeable about a material issue in the case *(People v Erts,* 73 NY2d 872, 874). Concur—Sullivan, J. P., Milonas, Rosenberger, Ross and Smith, JJ.