■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON LARRY, Also Known as ALVIN ROBINSON, Appellant.— Judgment, Supreme Court, Bronx County (Irene Duffy, J.), convicting defendant after a jury trial of robbery in the first degree, and sentencing him as a predicate felony offender to a term of imprisonment of from 10 to 20 years, unanimously affirmed.

Defendant's argument that the introduction of his arrest photo improperly bolstered the complainants' identification testimony because the measurements indicating his height in the photograph were not authenticated is unpreserved, since defense counsel's objection to the photograph at trial was only for relevance (CPL 470.05 [2]; *People v Paz,* 168 AD2d 220, *lv denied* 77 NY2d 910). In any event, the argument is without merit. The photograph merely indicated defendant's appearance on the date of arrest, and whatever his actual height, it

was up to the jury to evaluate the descriptions provided by the robbery victims in relation to defendant's actual appearance. Moreover, it is entirely proper to admit a photograph to establish defendant's appearance at the time of the incident (People v Santana, 162 AD2d 191).

Defendant also claims that he was denied his constitutional right to a speedy trial because the People did not diligently try to locate him during the two years that a bench warrant was outstanding for his failure to appear in court. However, because defendant never asserted a speedy trial claim in the trial court, the issue is not only unpreserved (People v Martinez, 126 AD2d 942), but there is no record upon which this court can review his claim. In any event, taking the record as we find it, defendant's belated assertion that his defense was prejudiced by the delay is without merit, as it appears that trial counsel did not assert an alibi defense. Concur—Milonas, J. P., Asch, Kassal, Smith and Rubin, JJ.