■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MORALES, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that evidence of uncharged crimes was improperly admitted at trial. Evidence of defendant's admissions that future cocaine deals were discussed at the time of the second sale of cocaine by defendant to an undercover officer was relevant on count one of the indictment, which charged conspiracy in the second degree. Even were we to conclude that the admission of the evidence was improper, we would further conclude that it was harmless error. The proof against defendant, which consisted of the testimony of the confidential informant who participated in two separate cocaine transactions and the observations of various surveillance officers, was overwhelming. In our view, the admission of evidence concerning plans for future sales did not affect the verdict *(see, People v Crimmins,* 36 NY2d 230, 242).

The prosecutor's summation was not so inflammatory as to deprive defendant of a fair trial. Although we again advise prosecutors to refrain from using the "famous duck joke" on summation *(see, People v Mordino,* 58 AD2d 197, 201, 207), the prosecutor's use of it here was not part of a pervasive pattern of misconduct designed to deprive defendant of a fair trial *(cf., People v Rubin,* 101 AD2d 71, 77).

We decline to modify defendant's sentence in the interest of justice. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Green, J. P., Pine, Balio, Davis and Doerr, JJ.