■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM NOGUERAS, Appellant. [601 NYS2d 289] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered August 18, 1989, convicting defendant, after a trial by jury, of attempted murder in the second degree, assault in the first degree, and two counts of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a prison term of 10 to 20 years on the attempted murder count and 7½ to 15 years on each of the remaining counts, to run concurrently with each other and with a sentence imposed upon him in New York County, unanimously affirmed.

We find that the probative value of the complaining witness' testimony that he saw defendant pass "some vials", which he surmised contained a "substance", thereby implying defendant's commission of an uncharged crime, outweighed any

possible prejudice to the defendant. Since identification of the defendant was based solely upon the testimony of the complaining witness and was the crucial issue in the case, the precise circumstances under which his observation took place were clearly significant as background evidence in that they explained why he took particular notice of defendant *(see, People v Vega,* 169 AD2d 586).

A photograph of defendant was properly admitted into evidence after the witness' in-court identification to demonstrate that defendant had changed his appearance since the time of his arrest, which could otherwise have affected the jury's ability to consider whether the complaining witness' description had been accurate *(see, People v Larry,* 178 AD2d 282, *lv denied* 79 NY2d 1003). The court immediately addressed defendant's objection to the brief, unsolicited mention by the complaining witness which could have implied that there had been a prior photographic identification by instructing the jury to ignore the comment, thereby dispelling any possible prejudice *(see, People v Santiago,* 52 NY2d 865, 866). Concur—Sullivan, J. P., Milonas, Ellerin and Asch, JJ.