■ The People of the State of New York, Respondent, v Mark Mitchell, Appellant. [611 NYS2d 400] —Judgment unanimously reversed on the law and new trial granted. Memorandum: We agree with defendant that the court's discharge of a

sworn juror, over defendant's objection, violated CPL 270.35. That section provides that a sworn juror may not be discharged unless the juror is "grossly unqualified" to serve. The court must ascertain whether the juror's "state of mind will affect her deliberations" and may not "speculate as to possible partiality of the juror based on her equivocal responses. Instead, it must be convinced that the juror's knowledge will prevent her from rendering an impartial verdict" *(People v Buford,* 69 NY2d 290, 299). The juror in question revealed to the court and the parties that she was represented, in a separate civil matter, by an associate of defense counsel. She testified, however, that her ability to evaluate the evidence would not be compromised by that apparent conflict of interest. Under the circumstances, the court should not have dismissed the juror in violation of defendant's constitutional right to a trial by a particular jury chosen according to law, and in whose selection defendant had a voice *(see, People v Anderson,* 70 NY2d 729, 730).

We also agree with defendant that the court erred in denying his request to redact a statement that he made to police. The admission of that part of the statement regarding previous fires at houses owned by defendant was highly prejudicial and not probative of any material issue. There was no proof that any of the previous fires were the result of arson or that defendant had been charged with insurance fraud as a consequence of those fires.

The court should not have permitted defendant to proceed *pro se* at his sentencing without conducting an inquiry to be reasonably certain that defendant understood the danger of giving up his fundamental right to counsel *(see, People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178). That error affected only the sentencing, however, and is not a ground for reversal of the conviction.

Defendant has failed to preserve for review the repugnancy of the verdict and the duplicity of the indictment *(see,* CPL 470.05 [2]), and we decline to review those issues as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]). We have considered defendant's other contentions and conclude that they are without merit. (Appeal from Judgment of Erie County Court, LaMendola, J.—Arson, 1st Degree.) Present— Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.