■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTIE BOSTIC, Appellant. [617 NYS2d 30] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fertig, J.), rendered June 26, 1991, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction arose out of an incident on December 21, 1989, in which the female complainant was robbed at gunpoint.

The defendant contends that reversible error was committed by the trial court when it admitted into evidence his spontaneous statement to the police "I didn't do it. I don't rob females". Specifically, the defendant argues that the People's only purpose for introducing this statement, which suggests that the defendant robbed males, was to establish his criminal propensity. Evidence establishing a defendant's prior criminal conduct is admissible if the proponent of the evidence identifies some issue, other than mere criminal propensity, to which the evidence is relevant and if the court determines that the probative worth of the evidence outweighs its prejudicial effect *(see, People v Hudy,* 73 NY2d 40, 55; *People v Alvino,* 71 NY2d 233, 242). In this case, the evidence, i.e., the defendant's spontaneous statement, was only marginally relevant in disproving the defense proffered in the defendant's opening statement that the complainant framed the defendant *(cf., People v Carpenter,* 187 AD2d 519), and, under the circumstances, its prejudicial effect outweighed its probative value. However, in light of the overwhelming evidence of the defendant's guilt, any error in this regard was harmless *(see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Jones,* 182 AD2d 708).

The defendant also asserts that he was denied a fair trial by the admission of "mug shot" photographs of him which allegedly bolstered the complainant's identification testimony. At trial, however, the defendant objected to the admission of the mug shots on the ground of irrelevancy, not bolstering. Thus, his current claim of error is not preserved for appellate review *(see,* CPL 470.05 [2]; *People v Larry,* 178 AD2d 282).

Since the defendant did not object to any of the prosecutor's remarks during summation, we find that any claims of error with respect thereto are unpreserved for appellate review *(see,* CPL 470.05 [2]). Ritter, J. P., Pizzuto, Friedmann and Goldstein, JJ., concur.