■ The People of the State of New York, Respondent, v Brian Lurcock, Appellant. [631 NYS2d 959] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that the court erred in admitting hearsay evidence; that the verdict of guilty of second degree robbery is repugnant to defendant's acquittal of the charge of fourth degree conspiracy; that the court erred in its jury instruction by characterizing the complainant as a "victim"; and that the sentence is harsh and excessive.

The court erred in admitting hearsay evidence. The statement of defendant's accomplice was not made in the course and furtherance of the conspiracy *(see, People v Sanders,* 56 NY2d 51, 62; *People v Rastelli,* 37 NY2d 240, 244, *cert denied* 423 US 995), and thus was not admissible. Nonetheless, the error is harmless. The gist of the testimony, concerning what de-

fendant and the accomplice had discussed in planning the robbery, had already been established by the accomplice's testimony. The arresting officer's testimony thus added nothing of substance to the People's case.

The contention that the verdict is repugnant was not preserved by timely objection prior to the discharge of the jury (see, *People v Satloff*, 56 NY2d 745, 746) and in any event is lacking in merit. Under the court's instructions, conspiracy has an element, i.e., agreement, that robbery does not have.

Under circumstances whereby a robbery indisputably occurred and the only question was the identity of the person who committed it, the court did not err in labeling the complainant a "victim". Finally, the sentence is not excessive in light of the circumstances of the crime and defendant's extensive criminal history. (Appeal from Judgment of Yates County Court, Falvey, J.—Robbery, 2nd Degree.) Present— Denman, P. J., Pine, Wesley, Balio and Davis, JJ.