■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL GATES, Appellant. [652 NYS2d 679] —Judgment unanimously affirmed. Memorandum: Defendant was charged, together with three codefendants, with multiple counts of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, assault, grand larceny and petit larceny, arising from his participation in two separate robberies on November 4, 1992. We agree with defendant that the trial court erred in denying defendant's motion to redact certain portions of defendant's statement to a police officer relating to prior uncharged crimes and bad acts. Although the statement was generally exculpatory, the court should have granted defendant's motion to redact those portions thereof relating to defendant's activities as a drug dealer, which had no relevance to the charges in the indictment and were not relevant under one of the recognized exceptions to the general rule (*see, People v Heath,* 175 AD2d 562, 563). The testimony concerning those prior uncharged crimes and bad acts was prejudicial and served no purpose but to demonstrate that defendant was a bad person. Upon our review of the record, however, we conclude that the proof of guilt, which consisted of the testimony of two accomplices who participated in the two robberies and other witnesses whose testimony corroborated the accomplices' testimony by placing defendant at the scene of the robberies, is overwhelming and there is no significant probability that defendant otherwise would have been acquitted (*see, People v Crimmins,* 36 NY2d 230, 241-242; *People v Bostic,* 208 AD2d 554, 555, *lv denied* 84 NY2d 1029; *People v Brown,* 201 AD2d 576, 577, *lv denied* 83 NY2d 849; *People v Morales,* 190 AD2d 1064, *lv denied* 81 NY2d 974).

The court also erred in admitting the statement of an accom-

plice that "Andy called me up and said they had a robbery put together". That statement was hearsay and does not fall within any recognized exception to the hearsay rule. It was not admissible as a declaration against penal interest because there was no showing that the declarant was unavailable (*see, People v Buie*, 86 NY2d 501, 506; *People v Thomas*, 68 NY2d 194, 197, *cert denied* 480 US 948). That error is harmless, however, in light of the evidence establishing that defendant participated in the planning and commission of the robbery at the grocery store (*see, People v Lurcock*, 219 AD2d 797, 797-798, *lv denied* 88 NY2d 881). (Appeal from Judgment of Supreme Court, Monroe County, Wiggins, Jr., J.—Robbery, 1st Degree.) Present—Green, J. P., Lawton, Callahan, Doerr and Boehm, JJ.