■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN SANCHEZ, Appellant. [693 NYS2d 364] —Judgment unanimously affirmed. Memorandum: Supreme Court erred in denying the motion of defendant to redact portions of his admission to a police officer regarding uncharged drug-related crimes. Those portions of the admission concerning prior uncharged crimes were inadmissible because they did not "help establish some element of the crime under consideration", nor were they otherwise "relevant because of some recognized exception to the general rule" (*People v Lewis*, 69 NY2d 321, 325; *see, People v Hudy*, 73 NY2d 40, 54-55; *People v Heath*, 175 AD2d 562). Contrary to the People's contention, the portions of defendant's

admission concerning prior uncharged crimes were not inextricably interwoven with admissible statements by defendant; they were not "necessary to comprehension of the otherwise admissible statements" and therefore should not have been admitted (*People v Ely*, 68 NY2d 520, 531; *see, People v Crandall*, 67 NY2d 111, 116-117). The error is harmless, however, because the proof of defendant's guilt, including the identification testimony of eyewitnesses to both robberies, is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Gates*, 234 AD2d 941, *lv denied* 89 NY2d 1011; *People v Bostic*, 208 AD2d 554, 555, *lv denied* 84 NY2d 1029).

Defendant further contends that the court erred in denying his motion to suppress his statement, "You guys did a nice job, but it took a cop from Buffalo to get me." That statement was spontaneous and was not elicited by the police in violation of defendant's right to counsel (*see, People v Payne*, 233 AD2d 787, 788). (Appeal from Judgment of Supreme Court, Monroe County, Affronti, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.