■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE L. POTTER, JR., Appellant. [705 NYS2d 462] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (Penal Law § 155.25). At trial, an accomplice testified that he, defendant and defendant's brother burglarized a home, stealing, *inter alia*, Christmas presents, including a Craftsman roller table. Evidence was admitted that a vehicle driven by defendant's brother, in which defendant and the accomplice were riding, was stopped by police four days after the burglary and that a Craftsman roller table still in its box, matching the description of the one taken during the burglary, was discov-

ered in the trunk. That evidence tends to connect defendant to the crime and provides sufficient corroboration of the accomplice's testimony (*see, People v Breland,* 83 NY2d 286, 292-293; *People v Swift,* 241 AD2d 949, *lv denied* 91 NY2d 881).

Defendant's having been shackled during the trial does not require reversal. Although defendant objected to being shackled, Supreme Court granted the prosecutor's request as a result of incidents that occurred during an earlier trial involving defendant and his brother. Defendant did not request that the jury be instructed concerning the reason for defendant's being shackled (*see, People v Rouse,* 79 NY2d 934, 935). Further, defense counsel was given the opportunity to question potential jurors during voir dire concerning whether the jurors would be influenced by the fact that defendant was shackled, and thus there is no indication that the jury was prejudiced thereby (*cf., People v Vigliotti,* 203 AD2d 898).

By failing to object at trial to the admission of a police officer's testimony on the ground now advanced, defendant failed to preserve his present argument for our review (*see, People v Robinson,* 88 NY2d 1001). In any event, even assuming that the testimony was improperly admitted, we conclude that its admission is harmless error (*see, People v Sanchez,* 262 AD2d 997; *People v Gates,* 234 AD2d 941, *lv denied* 89 NY2d 1011). We further conclude that defendant was not denied effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). We decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Supreme Court, Herkimer County, Kirk, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.