■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALEXANDER, Also Known as BART, Appellant. [839 NYS2d 361]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered February 22, 2006. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and possession of burglar's tools.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and possession of burglar's tools (§ 140.35). Contrary to defendant's contention, the evidence is legally sufficient to establish that the value of the stolen property exceeds the statutory minimum of $1,000. Where, as here, the cost of the property at issue is "substantially above the monetary value prescribed by the applicable penal statute and other facts adduced at trial, such as the description of the condition of the property at the time of the theft and the period of time [that] elapsed between the date of purchase and the date of the theft, negate the possibility that the [property's] market value has significantly depreciated, there exists sufficient evidence from which the jury could infer, beyond a reasonable doubt, that the market value of the [property] at the time and place of the theft was in excess of the statutory minimum necessary to sustain a conviction" (*People v James*, 111 AD2d 254, 255-256 [1985], *affd* 67 NY2d 662 [1986]; *see People v Jackson*, 194 AD2d 691 [1993]; *cf. People v Smith*, 289 AD2d 1056, 1058-1059 [2001], *lv denied* 98 NY2d 641 [2002]).

Contrary to defendant's further contention, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Centra, Fahey, Peradotto and Pine, JJ.