■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON A. PEPSON, Appellant. [878 NYS2d 843]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered July 6, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree and criminal possession of stolen property in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20) and criminal possession of stolen property in the fourth degree (§ 165.45 [1]). We reject defendant's contention that County Court erred in allowing the People to call a witness to testify on their behalf when they knew or should have known that the witness would not provide testimony that was favorable to the prosecution. The record establishes that the prosecutor did not " 'call[ ] the witness solely or primarily in order to impeach the witness and thereby place otherwise inadmissible evidence before the jury' " (*People v Mitchell*, 57 AD3d 1308, 1310 [2008]).

Contrary to defendant's further contention, when the evidence is viewed in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), the burglary conviction is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The

testimony of the People's witnesses that was favorable to the prosecution was not incredible as a matter of law (*see People v Jackson,* 57 AD3d 1463 [2008]). Also contrary to defendant's contention, the evidence is legally sufficient to establish that the value of the stolen property exceeds the statutory minimum of $1,000 (*see generally Bleakley,* 69 NY2d at 495). The testimony of the victim properly included his "basis for knowledge of value . . . and . . . the condition of the stolen property . . . [so] that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold" (*People v Sheehy,* 274 AD2d 844, 845 [2000], *lv denied* 95 NY2d 938 [2000]; *see People v Alexander,* 41 AD3d 1200, 1201 [2007], *lv denied* 9 NY3d 920 [2007]). Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Hurlbutt, J.P., Peradotto, Carni, Green and Pine, JJ.