■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD BRINK, Appellant. [910 NYS2d 606]—

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered December 9, 2008. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and grand larceny in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the conviction of grand larceny in the fourth degree (Penal Law § 155.30 [1]) to petit larceny (§ 155.25) and vacating the sentence imposed on count two of the indictment and as modified the judgment is affirmed, and the matter is remitted to Ontario County Court for sentencing on the conviction of petit larceny.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]) and grand larceny in the fourth degree (§ 155.30 [1]), defendant contends the evidence is legally insufficient to support the conviction of grand larceny in the fourth degree because the People failed to establish that the value of the stolen

property exceeded $1,000. We agree. At trial, the People presented evidence that the value of a camcorder stolen in the burglary was $600. The only remaining evidence presented with respect to the value of the other property stolen was that a used video game console had been purchased for $100 by the homeowner's son a few months before the burglary, and a new video game had been purchased for approximately $250 five to six months before the burglary, but it had several broken parts at the time of the burglary. Even assuming, arguendo, that such evidence was sufficient to establish that those prices accurately reflected the value of the property at the time of the burglary (*cf. People v Alexander*, 41 AD3d 1200, 1201 [2007], *lv denied* 9 NY3d 920 [2007]), we conclude that the total value of the stolen property would be $950. Inasmuch as there was no evidence presented concerning the value of any other item taken, any value attributed to the remaining property would be based on mere speculation (*cf. People v Pepson*, 61 AD3d 1399, 1400 [2009], *lv denied* 12 NY3d 919 [2009]). Consequently, we cannot on this record conclude "that the jury ha[d] a reasonable basis for inferring, rather than speculating, that the value of the property exceeded the statutory threshold" of $1,000 (*People v Sheehy*, 274 AD2d 844, 845 [2000], *lv denied* 95 NY2d 938 [2000]). We therefore modify the judgment by reducing the conviction of grand larceny in the fourth degree to petit larceny (Penal Law § 155.25) and vacating the sentence imposed on count two of the indictment (*see* CPL 470.15 [2] [a]), and we remit the matter to County Court for sentencing on the conviction of petit larceny (*see* CPL 470.20 [4]).

We reject the further contention of defendant that the verdict, as modified, is against the weight of the evidence. Viewing the evidence in light of the elements of the crime of burglary in the second degree as charged to the jury, as well as the elements of petit larceny (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that an acquittal would not have been unreasonable based on the questionable credibility of the accomplices who testified at trial (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Alexis*, 65 AD3d 1160 [2009]; *People v Griffin*, 63 AD3d 635, 638 [2009], *lv denied* 13 NY3d 835 [2009]). Nevertheless, "giving 'appropriate deference to the jury's superior opportunity to assess the witnesses' credibility' " (*People v Marshall*, 65 AD3d 710, 712 [2009], *lv denied* 13 NY3d 940 [2010]), we conclude that the jury was entitled to credit their testimony concerning the events rather than defendant's version.

We reject defendant's further contention that the testimony

of the accomplices was not sufficiently corroborated. We note at the outset that, as the court properly concluded, the issue whether defendant's former girlfriend was an accomplice was for the jury to determine (*see People v Basch*, 36 NY2d 154, 157 [1975]; *People v McPherson*, 70 AD3d 1353, 1354 [2010], *lv denied* 14 NY3d 890 [2010]; *People v Adams*, 307 AD2d 475 [2003], *lv denied* 1 NY3d 566 [2003]). Even assuming, arguendo, that the jury determined that the former girlfriend was an accomplice, we reject the further contention of defendant that her testimony, and that of the other two accomplices, was not sufficiently corroborated. " 'The corroborative evidence need not show the commission of the crime; it need not show that defendant was connected with the commission of the crime. It is enough if it tends to connect the defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth' " (*People v Reome*, 15 NY3d 188, 191-192 [2010], quoting *People v Dixon*, 231 NY 111, 116 [1921]). Here, the testimony of the accomplices was sufficiently corroborated by other evidence, including the testimony of a police officer establishing that defendant was in a vehicle with the accomplices and the stolen property a short time after the burglary, evidence establishing that defendant attempted to persuade his former girlfriend to change her testimony so that she would not implicate him in the burglary, and the testimony of defendant, in which he admitted that he accompanied the accomplices to the scene of the burglary (*see People v Potter*, 270 AD2d 892 [2000], *lv denied* 95 NY2d 838 [2000]; *People v Cousins*, 221 AD2d 923, 924-925 [1995], *lv denied* 87 NY2d 1018, 88 NY2d 965 [1996]).

Defendant failed to preserve for our review his contention that the court penalized him for exercising his right to a trial by imposing a longer term of incarceration than that proposed during plea negotiations (*see People v Dorn*, 71 AD3d 1523 [2010]; *People v Griffin*, 48 AD3d 1233, 1236-1237 [2008], *lv denied* 10 NY3d 840 [2008]). In any event, that contention is without merit. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chappelle*, 14 AD3d 728, 729 [2005], *lv denied* 5 NY3d 786 [2005]), and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial (*see generally People v Pena*, 50 NY2d 400, 411-412 [1980], *rearg denied* 51 NY2d 770 [1980], *cert denied* 449 US 1087 [1981]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Carni, Lindley, Sconiers and Pine, JJ.