# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

930

KA 09-02649

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JOHN W. STUBINGER, DEFENDANT-APPELLANT.

---

JOHN E. TYO, SHORTSVILLE, FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J. Doran, J.), rendered November 10, 2009.  The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (15 counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him, upon a jury verdict, of 15 counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), defendant contends that the conviction is not supported by legally sufficient evidence.  Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we reject that contention (*see generally People v Bleakley*, 69 NY2d 490, 495).  Moreover, viewing the evidence in light of the elements of the counts as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We also conclude that there is no merit to defendant's contention that County Court erred in admitting evidence of an uncharged crime, i.e., defendant's alleged threat to cut the body of his girlfriend. Such evidence was probative with respect to the issue whether defendant brandished the knives described in the indictment with the intent to use them unlawfully against another individual (Penal Law § 265.01 [2]; *see* § 265.02 [1]), and the court properly concluded that the probative value of that evidence outweighed its potential for prejudice (*see People v Freece*, 46 AD3d 1428, *lv denied* 10 NY3d 811; *see generally People v Alvino*, 71 NY2d 233, 241-242; *People v Ventimiglia*, 52 NY2d 350, 359-360).  In any event, " 'the court provided the jury with appropriate limiting instructions immediately after the challenged testimony was elicited,' thus minimizing any

potential prejudice to defendant" (*People v Bassett*, 55 AD3d 1434, 1436, *lv denied* 11 NY3d 922).

Defendant failed to preserve for our review his further contention that, in determining the sentence to be imposed, the court penalized him for exercising his right to a jury trial, inasmuch as defendant failed to raise that contention at sentencing (*see People v Brink*, 78 AD3d 1483, 1485, *lv denied* 16 NY3d 742, *rearg denied* 16 NY3d 828; *People v Dorn*, 71 AD3d 1523, 1523-1524).  In any event, that contention lacks merit.  "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . ., and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial" (*Brink*, 78 AD3d at 1485 [internal quotation marks omitted]).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court