# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**384**

**KA 09-01504**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                               MEMORANDUM AND ORDER

JOHN G. GLYNN, DEFENDANT-APPELLANT.

---

SUGARMAN LAW FIRM, LLP, SYRACUSE (PAUL V. MULLIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered May 18, 2009. The judgment convicted defendant, upon a jury verdict, of criminal possession of marihuana in the second degree, criminal sale of marihuana in the second degree, criminal possession of marihuana in the fourth degree and criminal sale of marihuana in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, criminal possession of marihuana in the second degree (Penal Law § 221.25) and criminal sale of marihuana in the second degree (§ 221.50). Contrary to defendant's contention, County Court (Hafner, Jr., J.) was not required to recuse itself based on the fact that Judge Hafner had previously represented defendant on an unrelated matter and may have previously prosecuted him on another unrelated matter (*see People v Moreno*, 70 NY2d 403, 406; *People v Casey*, 61 AD3d 1011, 1014, *lv denied* 12 NY3d 913; *People v Lerario*, 43 AD3d 492, 492-493). "Moreover, none of [the c]ourt's remarks . . . was indicative of bias against defendant and, therefore, recusal was not warranted on [that] basis" (*Casey*, 61 AD3d at 1014; *see People v Johnson*, 294 AD2d 908, 908, *lv denied* 98 NY2d 677; *see also People v Grier*, 273 AD2d 403, 405-406).

Viewing the evidence, the law and the circumstances of this case in totality and as of the time of the representation, we conclude that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Defendant's general motion for a trial order of dismissal was insufficient to preserve for our review his further contention that the conviction is not supported by legally sufficient evidence (*see People v Hawkins*, 11 NY3d 484, 492; *People v*

*Gray*, 86 NY2d 10, 19).  In any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We reject defendant's further contention that the imposition of consecutive sentences for criminal possession of marihuana in the second degree and criminal sale of marihuana in the second degree is harsh and excessive (*cf. People v Hutzler*, 270 AD2d 934, 936, *lv denied* 94 NY2d 948; *People v Tovar*, 258 AD2d 943, *lv denied* 93 NY2d 930).  Defendant failed to preserve for our review his contention that he was penalized for exercising his right to a jury trial inasmuch as he failed to raise that contention at the time of sentencing (*see e.g. People v Stubinger*, 87 AD3d 1316, 1317; *People v Brink*, 78 AD3d 1483, 1485, *lv denied* 16 NY3d 742, 828).  In any event, that contention is without merit.  "[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial" (*Brink*, 78 AD3d at 1485 [internal quotation marks omitted]).

Entered:  March 23, 2012                    Frances E. Cafarell
                                            Clerk of the Court