# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

322

KA 08-02465

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

MARTIN D. WOODS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John R. Schwartz, A.J.), rendered August 18, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the first degree (Penal Law § 160.15 [4]). We agree with defendant that County Court erred in failing to consider the appropriate factors when it allowed the jury to hear portions of defendant's grand jury testimony that included references to being on parole, serving five years for robbing banks, and having on occasion sold drugs. "Prejudicial material 'not necessary to a full comprehension of the' directly related evidence . . . is inadmissible, even though part of the same conversation . . . or, indeed, of the same sentence" (*People v Ely*, 68 NY2d 520, 531). That principle applies to the admission at trial of a defendant's grand jury testimony just as it does to, e.g., audio recordings of telephone conversations (*see id.*; *People v Ward*, 62 NY2d 816, 818), statements made during the course of a crime to an undercover police officer (*see People v Crandall*, 67 NY2d 111, 116-117), and admissions made to police officers during custodial interrogation (*see People v Sanchez*, 262 AD2d 997, 997-998, *lv denied* 94 NY2d 866; *People v Gates*, 234 AD2d 941, 941, *lv denied* 89 NY2d 1011; *People v Mitchell*, 203 AD2d 948, 949, *lv denied* 83 NY2d 969). The court allowed the jury to hear such portions of defendant's grand jury testimony after concluding only that the statements were voluntary. In doing so, the court failed to consider whether such evidence was relevant and probative to any issue in this case (*see generally People v Ventimiglia*, 52 NY2d 350, 359-360) and then, if so, whether "its probative value exceed[ed] the potential for prejudice resulting to the defendant" (*People v*

*Alvino*, 71 NY2d 233, 242).

We conclude, in any event, that the admission of those portions of defendant's grand jury testimony is harmless error inasmuch as there is overwhelming evidence of guilt, and there is no significant probability that defendant otherwise would have been acquitted (*see People v Orbaker*, 302 AD2d 977, 978, *lv denied* 100 NY2d 541; *see generally People v Crimmins*, 36 NY2d 230, 241-242).  The evidence included the testimony of defendant's accomplice who entered the store and committed the robbery in question while defendant waited outside; the store's video surveillance showing defendant outside the store at the time of the robbery; and statements made by defendant to the police while in custody.  We have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court