# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1109**

**KA 08-02649**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RONALD G. BRINK, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (MARK C. DAVISON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (BRIAN D. DENNIS
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Ontario County Court (Craig J.
Doran, J.), rendered December 9, 2008.  The judgment convicted
defendant, upon a jury verdict, of burglary in the second degree and
grand larceny in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously reversed on the law, the second count of the indictment is
dismissed without prejudice to the People to file or represent to
another grand jury any appropriate lesser charge under that count, and
a new trial is granted on the remaining count, in accordance with the
following memorandum:  Defendant was convicted upon a jury verdict of
burglary in the second degree (Penal Law § 140.25 [2]) and grand
larceny in the fourth degree (§ 155.30 [1]).  On a prior appeal, this
Court modified the judgment by reducing the conviction of grand
larceny to petit larceny and remitted the matter to County Court for
sentencing on the petit larceny conviction (*People v Brink*, 78 AD3d
1483, *lv denied* 16 NY3d 742, *reconsideration denied* 16 NY3d 828).  We
subsequently granted defendant's motion for a writ of error coram
nobis, however, on the ground that appellate counsel had failed to
raise an issue on appeal that may have merit, i.e., whether County
Court erred in failing to comply with CPL 310.30 in its handling of a
jury note (*People v Brink*, 124 AD3d 1419, 1419).  Upon reviewing the
appeal de novo, we agree with defendant that the judgment of
conviction must be reversed and a new trial granted.

We agree with defendant that the court violated the core
requirements of CPL 310.30 in failing to advise counsel on the record
of the contents of a substantive jury note before accepting a verdict,
and thereby committed reversible error (*see People v Silva*, 24 NY3d
294, 299-300; *People v O'Rama*, 78 NY2d 270, 277-278).  The record
establishes that, during its deliberations, the jury sent two notes

requesting certain specified testimony and legal instructions.  The
record reflects that the court read those notes into the record and
formulated its response after discussing them with counsel.  As the
court brought the jury into the courtroom to respond to the first two
notes, the jury gave a third note to the court.  The court told the
jury that it would respond to the first two notes at that time, and
would then discuss the issue raised in the third note with counsel
after sending the jury back to the jury room.  The court stated that
the "third note [had] not yet [been] shown to counsel nor have we had
an opportunity to discuss it."  The record further reflects that the
jury resumed its deliberations after the court provided requested
testimony and instruction in response to the first two notes, and then
rendered a verdict of guilty.  The third note, which is included in
the record, indicates that the jury was seeking the testimony of a
particular witness on a specific topic, but there is nothing in the
record indicating that the note was shown to counsel, or that it was
read into the record before the jury rendered its verdict.  Where, as
here, "the record fails to show that defense counsel was apprised of
the specific, substantive contents of the note . . . [,] preservation
is not required" (*People v Walston*, 23 NY3d 986, 990; *see Silva*, 24
NY3d at 299-300), and we conclude that the "[c]ourt committed
reversible error by violating the core requirements of CPL 310.30 in
failing to advise counsel on the record of the contents of a
substantive jury note before accepting a verdict" (*People v Garrow*,
126 AD3d 1362, 1363).  We therefore reverse the judgment and grant a
new trial, but only on the burglary count.

        We note that, in the order on the original appeal, this Court
reduced the conviction of grand larceny in the fourth degree (Penal
Law § 155.30 [1]), to petit larceny (§ 155.25), based on the
insufficiency of the evidence on the greater charge (*Brink*, 78 AD3d at
1483-1484).  In our order granting defendant's motion for a writ of
error coram nobis, however, we vacated that order and indicated that
we would consider the appeal de novo, and defendant does not address
the sufficiency of the evidence in his brief on appeal (*Brink*, 124
AD3d at 1419).  We further note the well-settled principle, however,
that "dismissal of a count due to insufficient evidence is tantamount
to an acquittal for purposes of double jeopardy and protects a
defendant against additional prosecution for such count" (*People v
Biggs*, 1 NY3d 225, 229).  Consequently, we conclude, for the reasons
stated in our original order in the matter (*Brink*, 78 AD3d at 1483-
1484), that the evidence is not legally sufficient to support the
conviction of grand larceny in the fourth degree.  Nevertheless,
because we further conclude that the evidence is legally sufficient to
support a conviction of petit larceny, upon reversing the conviction
of grand larceny in the fourth degree based on the court's error with
respect to the jury note, we dismiss the second count of the
indictment without prejudice to the People to file or represent to
another grand jury any appropriate charge under that count (*see People
v Walker*, 119 AD3d 1402, 1403).

Entered:  December 23, 2015                    Frances E. Cafarell
                                               Clerk of the Court