People v Scott (2022 NY Slip Op 02656)

People v Scott

2022 NY Slip Op 02656

Decided on April 22, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, CURRAN, AND BANNISTER, JJ.

74 KA 20-00237

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JASON SCOTT, DEFENDANT-APPELLANT. 

HAYDEN DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered December 17, 2019. The judgment convicted defendant upon a jury verdict of burglary in the third degree and petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law
§ 140.20) and petit larceny (§ 155.25). We affirm.
Defendant's contention that the prosecutor violated the duty of fair dealing and undermined the integrity of the grand jury proceeding by failing to divulge that two prosecution witnesses were accomplices who had received immunity for their testimony was not raised before defendant moved to set aside the verdict pursuant to CPL 330.30 (1) and is therefore unpreserved (see People v Sheltray, 244 AD2d 854, 854-855 [4th Dept 1997], lv denied 91 NY2d 897 [1998]; see generally People v Davidson, 98 NY2d 738, 739-740 [2002]; People v Padro, 75 NY2d 820, 821 [1990], rearg denied 75 NY2d 1005 [1990], rearg dismissed 81 NY2d 989 [1993]). In any event, we conclude that defendant's contention is without merit inasmuch as the grand jury minutes reveal that the prosecutor properly divulged the witnesses' immunity to the grand jury. Further, even assuming, arguendo, that the prosecutor erred in failing to properly divulge the witnesses' immunity to the grand jury, we conclude that the single error does not constitute a pervasive, willful pattern of bias and misconduct such that the integrity of the grand jury proceeding was compromised (see People v Wilcox, 194 AD3d 1352, 1355 [4th Dept 2021]; People v Jones, 194 AD3d 1358, 1360 [4th Dept 2021], lv denied 37 NY3d 1027 [2021]; see generally People v Thompson, 22 NY3d 687, 699 [2014], rearg denied 23 NY3d 948 [2014]).
We reject defendant's further contention that County Court erred in denying his request to charge the jury that one of the prosecution's witnesses was an accomplice as a matter of law (see generally People v Sage, 23 NY3d 16, 24-25 [2014]; People v Basch, 36 NY2d 154, 157 [1975]). In light of the " 'different inferences [that] may reasonably be drawn' from the evidence" (Sage, 23 NY3d at 24), the court properly submitted the issue of the witness's accomplice status to the jury (see People v Kaminski, 90 AD3d 1692, 1692 [4th Dept 2011], lv denied 20 NY3d 1100 [2013]; People v Brink, 78 AD3d 1483, 1485 [4th Dept 2010], lv denied 16 NY3d 742 [2011], reconsideration denied 16 NY3d 828 [2011]).
Insofar as defendant contends that the People failed to present legally sufficient evidence establishing that he unlawfully entered a building or that he stole property, we conclude that he failed to preserve those contentions for our review (see CPL 470.05 [2]; see generally People v Gray, 86 NY2d 10, 19 [1995]). Nevertheless, " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge [*2]regarding the weight of the evidence' " (People v Stepney, 93 AD3d 1297, 1298 [4th Dept 2012], lv denied 19 NY3d 968 [2012]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although "an acquittal would not have been unreasonable based on the questionable credibility of [certain prosecution witnesses] at trial" (Brink, 78 AD3d at 1484), " 'matters of credibility are for the jury to resolve' " (People v Pierce, 303 AD2d 966, 966 [4th Dept 2003], lv denied 100 NY2d 565 [2003]), and we cannot conclude on this record that the jury "failed to give the evidence the weight it should be accorded" (Bleakley, 69 NY2d at 495; see People v Lankford, 162 AD3d 1583, 1584 [4th Dept 2018], lv denied 32 NY3d 1065 [2018]; People v Zafuto, 72 AD3d 1623, 1624 [4th Dept 2010], lv denied 15 NY3d 758 [2010]).
We conclude that the sentence is not unduly harsh or severe. Finally, we have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: April 22, 2022
Ann Dillon Flynn
Clerk of the Court