■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES F. JOHNSON, Appellant. [742 NYS2d 751] —Appeal from a judgment of Yates County Court (Falvey, J.), entered September 4, 1997, which revoked defendant's probation after a hearing.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment, entered following a hearing, finding that he violated multiple conditions of a previously imposed sentence of lifetime probation, revoking probation, and imposing an indeterminate term of incarceration of 5 to 15 years. Contrary to defendant's contention, County Court did not err in refusing to recuse itself. Absent a legal disqualification under Judiciary Law § 14, the court is the sole arbiter of whether it should recuse itself (*see People v Moreno,* 70 NY2d 403, 405-406; *People v Whitfield,* 275 AD2d 1034, *lv denied* 95 NY2d 971; *People v Montgomery,* 224 AD2d 914, 915, *lv denied* 88 NY2d 882). Here, the court's remark at sentencing furnishes no basis for concluding that it had prejudged defendant's situation or otherwise was biased against defendant (*see People v Reynolds,* 269 AD2d 735, 737, *lv denied* 95 NY2d 838, *cert denied* 531 US 945).

The court properly denied defendant's motion to dismiss the violation petition and found that defendant violated the conditions of his probation. The evidence at the hearing establishes that defendant repeatedly violated those conditions by committing numerous new crimes in Florida and failing over a period of years to report changes in his status. With respect to defendant's challenge to the sentence, we note that imposition of a term of incarceration is mandatory upon a defendant's violation of the conditions of lifetime probation (*see* Penal Law § 60.01 [4]; CPL 410.70 [5]). Given defendant's extensive criminal history, the court did not abuse its discretion in sentencing

defendant to a term of incarceration of 5 to 15 years on the underlying conviction of criminal sale of a controlled substance in the third degree. Present—Pigott, Jr., P.J., Hayes, Wisner, Scudder and Kehoe, JJ. [*See* 173 Misc 2d 254.]