■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN T. COY, Appellant. [845 NYS2d 854]—

Rose, J. Appeal from a judgment of the County Court of Madison County (Di Stefano, J.), rendered April 6, 2005, upon a verdict convicting defendant of the crime of assault in the second degree.

Following a jury trial, defendant was convicted of assault in the second degree as a result of injuries he inflicted on the female victim. His sole contention on appeal is that the victim was not shown to have sustained a "serious physical injury"

(Penal Law § 120.05 [1]). That term, as applied here, is defined as a "physical injury which . . . causes . . . protracted impairment of [the victim's] health" (Penal Law § 10.00 [10]).

The medical evidence and testimony of the victim at trial established that, as a result of defendant's attack, she suffered a broken clavicle, bruised ribs and four broken facial bones which required surgical implantation of supporting plates. She also had extensive neck and facial bruises and lacerations requiring stitches, and she lost consciousness. After her initial treatment and examination in the emergency room, the victim was placed in intensive care where she remained for approximately four days after the incident. Photographs presented to the jury during the trial clearly showed the severity of the victim's injuries, and other evidence indicated that the facial numbness, indentations in her head and the need for pain medication had persisted for more than one year and are likely to be permanent conditions. From the evidence, the jury could also reasonably infer that the victim's injuries required her to undergo plastic surgery. Such evidence sufficiently established a protracted impairment of the victim's health (*see People v Kern*, 75 NY2d 638, 658 [1990], *cert denied* 498 US 824 [1990]; *People v Graham*, 297 AD2d 579, 580 [2002], *lv denied* 99 NY2d 535 [2002]; *People v Lewis*, 277 AD2d 603, 606-607 [2000], *lv denied* 95 NY2d 966 [2000]; *People v Knapp*, 213 AD2d 740, 741 [1995]).

Mercure, J.P., Crew III, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.