■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JARED M. CASEY, Appellant. [876 NYS2d 532]—

Peters, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 21, 2007, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant, his sister Gina Casey, and Jacob Brabant were each charged with assault in the second degree, arising out of an incident on July 29, 2006 outside the Kozy Korner Tavern in the City of Ogdensburg, St. Lawrence County, during which the victim was beaten unconscious. Casey entered a guilty plea to third degree assault, and defendant and Brabant were jointly tried. The trial testimony established that prior to the assault, the victim had made a disparaging remark to defendant about his parole status, and words were exchanged. Casey then approached the victim, remarked about his getting her brother in trouble, and punched him in the face. The victim then exited the tavern. Shortly after, his girlfriend found him outside, un-

conscious. He was transported via ambulance to a local hospital and thereafter transported to a medical center in the City of Syracuse, Onondaga County. As the victim was unable to fully recall the incident at trial, the People introduced into evidence without objection his sworn written statement to an Ogdensburg police officer prepared five days after the assault. According to the statement, defendant and Brabant stopped him as he approached the tavern's side entrance, Brabant punched him in the face knocking him down, and then all three defendants punched and kicked him until he lost consciousness. Upon his conviction, defendant was sentenced, as a second felony offender, to a five-year prison term with five years of postrelease supervision and he was ordered to pay restitution. Defendant appeals, and we affirm.*

Initially, defendant challenges County Court's denial of his motion to dismiss based upon a CPL 30.30 speedy trial violation grounded upon the People's failure to be ready for trial within six months of the commencement of the action (see CPL 30.30 [1] [a]). As the action commenced on September 12, 2006, the People were required to be ready for trial 181 days later on March 11, 2007. Their notice of readiness, filed on March 13, 2007, was deemed timely by County Court. Defendant argues that County Court improperly excluded certain periods of time that were chargeable to the People (see CPL 30.30 [4] [b], [f]). While preindictment delay is ordinarily chargeable to the People, County Court properly ruled that the eight-day delay attributable to the adjournment of the grand jury proceedings to accommodate defense counsel's request to permit defendant, who was incarcerated, to testify was excludable from the relevant period (see CPL 30.30 [4] [b]; *People v Meierdiercks*, 68 NY2d 613, 614-615 [1986]; *People v Anderson*, 252 AD2d 399, 400 [1998], *lv denied* 92 NY2d 1027 [1998]; *People v Daniels*, 217 AD2d 448, 450 [1995], *appeal dismissed* 88 NY2d 917 [1996]; *People v Muhanimac*, 181 AD2d 464, 465 [1992], *lv denied* 79 NY2d 1052 [1992]). The court granted the continuance "at the request of, or with the consent of, the defendant or his counsel" (CPL 30.30 [4] [b]) and, consequently, despite the fact that defendant ultimately elected not to testify, the period was properly excludable.

Next, defendant challenges the legal sufficiency of the evidence, focusing on the lack of proof that the victim sustained serious physical injury. The charge of assault in the second degree required proof that defendant, with intent to cause seri-

---

* Brabant's conviction is also affirmed in a separate decision (*People v Brabant*, 61 AD3d 1014 [2009] [decided herewith]).

ous physical injury to the victim, caused such injury (*see* Penal Law § 120.05 [1]). Serious physical injury is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Testimony of the victim, coupled with medical records introduced at trial, established that he lost consciousness after the attack, was hospitalized and treated for a laceration to his face requiring 15 sutures and sustained skull, facial and jaw fractures and a closed head injury, resulting in a subdural hematoma. Upon discharge, he was prescribed pain medication and advised not to engage in strenuous activity, drive or return to work pending follow-up examinations. Moreover, although a year passed since the assault, he had not yet been cleared to return to work and continued to suffer dizzy spells, bleeding from his ear, and memory difficulty. Such evidence, when viewed most favorably to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), established a protracted impairment of health (*see People v Kern*, 75 NY2d 638, 658 [1990], *cert denied* 498 US 824 [1990]; *People v Coy*, 45 AD3d 1050, 1051 [2007]; *People v Jau Kud Su*, 239 AD2d 703, 703-705 [1997], *lv denied* 90 NY2d 940 [1997]; *compare People v Phillip*, 279 AD2d 802, 802-803 [2001], *lv denied* 96 NY2d 905 [2001]).

Defendant also contends that the verdict was contrary to the weight of the credible evidence in that it was grounded upon testimony which was inconsistent, incredible and should have been disregarded. While a different verdict would not have been unreasonable (*see People v Romero*, 7 NY3d 633, 643 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]), after weighing the conflicting evidence, we are unpersuaded (*see People v Danielson*, 9 NY3d 342, 348-350 [2007]). The victim identified defendant as one of his assailants within days of the attack and provided a sworn statement to police which recounted defendant's participation in the assault. At trial, the victim testified similarly to the events leading up to the assault, although he could not recall the details of the attack. The inconsistencies and shortcomings in his testimony were fully explored at trial and we do not find that his testimony was so inconsistent or at variance with his written statement as to be unworthy of belief or incredible as a matter of law (*see People v Littebrant*, 55 AD3d 1151, 1154-1156 [2008]; *People v Scanlon*, 52 AD3d 1035, 1039 [2008], *lv denied* 11 NY3d 741 [2008]). The jury had ample first-hand opportunity to observe his demeanor and assess his credibility and, according great deference to its determination, we cannot conclude that the jury failed to give the evidence the

weight it deserved (*see People v Bleakley*, 69 NY2d at 495; *People v Portee*, 56 AD3d 947, 949 [2008]).

Nor was defendant deprived of meaningful representation (*see People v Benevento*, 91 NY2d 708, 712-713 [1998]). Defense counsel made appropriate pretrial motions, pursued a cogent alibi defense, made relevant objections, adequately cross-examined prosecution witnesses and moved for a trial order of dismissal (*see People v Hall*, 57 AD3d 1222, 1227 [2008]; *People v Ryan*, 46 AD3d 1125, 1126 [2007], *lv denied* 10 NY3d 939 [2008]). Having pursued a reasonable and legitimate but ultimately unsuccessful trial strategy, any error in counsel's failure to raise certain issues or objections cannot be said to have deprived defendant of a fair trial (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d at 712-714; *People v Rodabaugh*, 26 AD3d 598, 600 [2006]; *People v Singh*, 16 AD3d 974, 977 [2005], *lv denied* 5 NY3d 769 [2005]).

Defendant's claim that recusal was required because the judge had previously prosecuted him on an unrelated matter is unpreserved for appellate review (*see People v Bigwarfe*, 35 AD3d 904, 905 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Rizzo*, 5 AD3d 924, 925 [2004], *lv denied* 3 NY3d 646 [2004]). In any event, disqualification was not required (*see People v Jones*, 143 AD2d 465, 466-467 [1988]; *see also* Judiciary Law § 14). Moreover, none of County Court's remarks at sentencing was indicative of bias against defendant and, therefore, recusal was not warranted on this basis (*see People v Curkendall*, 12 AD3d 710, 714 [2004], *lv denied* 4 NY3d 743 [2004]; *People v Rizzo*, 5 AD3d at 925; *People v Jones*, 143 AD2d at 467).

We are not persuaded by defendant's challenge to the sentence as harsh and excessive. Given defendant's lengthy criminal history, including three felony convictions in 2003 and violation of his parole status at the time of this offense, we discern no extraordinary circumstances or abuse of discretion warranting a reduction in the sentence. Finally, defendant's challenge to the order of restitution in the amount of $16,024.35 is unpreserved (*see People v Melino*, 52 AD3d 1054, 1056 [2008], *lv denied* 11 NY3d 791 [2008]; *People v Waugh*, 52 AD3d 853, 856 [2008], *lv denied* 11 NY3d 796 [2008]).

Rose, Lahtinen, Kane and Stein, JJ., concur. Ordered that the judgment is affirmed.