■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACOB R. BRABANT, Appellant. [876 NYS2d 536]—

Cardona, P.J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 14, 2007, upon a verdict convicting defendant of the crime of assault in the second degree.

At approximately 2:00 A.M. on July 29, 2006, Sam Hires was beaten unconscious outside the Kozy Korner Tavern in the City of Ogdensburg, St. Lawrence County. He was transported to a nearby hospital, then to a medical center in the City of Syracuse, Onondaga County, where his injuries were treated. He remained hospitalized until July 31, 2006.

Defendant, Jared Casey and Jared's sister, Gina Casey, were each indicted on one count of assault in the second degree. Gina Casey entered a guilty plea to third degree assault, while defendant and Jared Casey proceeded to a joint jury trial. At trial, Hires was unable to recall the details of the attack, and neither he nor any of the other witnesses was able to identify any of the assailants. However, a sworn statement that Hires gave to a City of Ogdensburg police officer on August 3, 2006 was admitted into evidence as a past recollection recorded. In that statement, Hires averred that prior to the beating, while inside the Kozy Korner, he made a negative comment about Jared Casey's parole status, which led to angry words being exchanged between Hires and Jared Casey. Gina Casey then approached Hires and punched him in the nose. Hires thereafter exited the tavern and walked around the corner toward the side entrance, where defendant and Jared Casey stopped him. According to Hires' statement, defendant punched him in the face knocking him down. Defendant and the Caseys then repeatedly struck him until he lost consciousness.

Defendant was convicted as charged and sentenced to a prison term of five years with five years of postrelease supervision. He appeals, and we affirm.*

To the extent that defendant preserved his contention that the evidence is not legally sufficient to support the conviction (see People v Gray, 86 NY2d 10, 20-21 [1995]), we are not persuaded. As relevant here, the crime of assault in the second degree requires proof that defendant both intended to cause serious physical injury to another person and in fact caused

---

* Jared Casey's conviction is also affirmed in a separate decision (People v Casey, 61 AD3d 1011 [2009] [decided herewith]).

such injury (*see* Penal Law § 120.05 [1]). In this case, viewing the evidence in the light most favorable to the People (*see People v Acosta*, 80 NY2d 665, 672 [1993]), we find that legally sufficient evidence of a serious injury was supplied by Hires' medical records, which document, among other injuries, a fractured skull with a resulting subdural hematoma, a fractured jaw, and a facial laceration requiring 15 sutures (*see* Penal Law § 10.00 [10]; *People v Wehrle*, 308 AD2d 660 [2003]; *People v Romer*, 163 AD2d 880 [1990], *lv denied* 76 NY2d 896 [1990]). Furthermore, we find that Hires' August 3, 2006 sworn statement that defendant punched him in the face, knocking him to the ground, and then continued to punch and kick him about the face and body until he lost consciousness provided legally sufficient evidence of defendant's intent to cause serious physical injury (*People v Cruz*, 267 AD2d 319, 319-320 [1999], *lv denied* 94 NY2d 918 [2000]). Defendant's argument that Hires' statement should not have been admitted as a past recollection recorded was not preserved by objection at trial. In any event, admissibility of the statement was "a matter for the exercise of the court's discretion in determining whether [the People] made a sufficient showing of the accuracy of the recording and its reliability" (*People v Taylor*, 80 NY2d 1, 9 [1992]). In this case, we are not persuaded that County Court abused its discretion in admitting the statement into evidence. Additionally, upon our independent review of the record and giving due deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Bleakley*, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence.

Defendant's further contention that he did not receive the effective assistance of counsel is also unpersuasive. Counsel made appropriate pretrial motions, conducted thorough cross-examinations exploring inconsistencies in Hires' various accounts of the attack, presented a cogent alibi defense, and made relevant opening and closing statements. Under the circumstances herein, defendant received meaningful representation.

Peters, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.