■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES NICHOLSON, Appellant. [948 NYS2d 465]—

Malone Jr., J.

On the evening of July 4, 2009, defendant and two companions arrived at a party hosted by longtime friends of defendant. The victim, who was a relative of the hosts and also a longtime friend of defendant, approached defendant and demanded repayment of money. At this point, the testimony of the People's witnesses and defense witnesses diverges. According to the People's witnesses, defendant and the victim walked to defendant's car to retrieve the money, where defendant then refused to pay the money to the victim. The victim kicked the car and the two "squar[ed] off." Defendant and the victim threw simultaneous punches; the victim's did not connect but defendant's did, and the victim fell to the ground. The People's witnesses further testified that defendant then proceeded to kick and stomp the victim in the head and face while the victim lay helpless on the ground. ,

Defense witnesses testified that defendant went to the car to avoid further confrontation with the victim, but the victim pursued him. As defendant got into the driver's seat, the victim kicked the car door and punched defendant through the window. Defendant got out of the car and he and the victim swung at each other. Defendant hit the victim in the face and the victim fell to the ground. The victim began to get up, defendant hit

him again and the victim again fell to the ground. Defendant and his companions then left the scene. The victim, bleeding profusely, was taken to the hospital, where he was determined to have numerous facial fractures that required extensive surgery.

Defendant was charged by indictment with assault in the second degree. Following a jury trial, defendant was found guilty as charged and sentenced, as a second felony offender, to five years in prison to be followed by five years of postrelease supervision.

On appeal, defendant argues that the proof was not legally sufficient to establish his intent to cause serious physical injury to the victim and to establish that the victim actually sustained serious physical injury (*see* Penal Law § 120.05 [1]). Defendant's intent may be inferred from his conduct and the surrounding circumstances and "need not exist for any length of time prior to the moment of the prohibited act" (*People v Nash*, 64 AD3d 878, 881 [2009]; *see People v Pine*, 82 AD3d 1498, 1500 [2011], *lv denied* 17 NY3d 820 [2011]). The testimony of the victim and several other witnesses established that defendant forcefully kicked and stomped the victim's head while he was lying helplessly on the ground. Viewed in the light most favorable to the People and giving appropriate deference to the jury's credibility determinations, it can be inferred that defendant intended to cause serious physical injury to the victim.

Turning to the severity of the victim's injuries, as is relevant here, the People had to establish that the victim suffered "protracted impairment of health" (Penal Law § 10.00 [10]). The medical evidence together with the testimony of the victim and others established that the victim suffered numerous facial fractures, including fractures to the orbital bones, nasal bones and sinus, as well as collapse of his orbital floor and separation of his mid-face from his skull. Extensive surgery was required, during which metal mesh, plates and screws were inserted to stabilize the various injuries. The victim was hospitalized for seven days following the incident. Finally, the victim testified that almost a year later he continued to have pain and a loss of feeling in his nose and jaw. This evidence sufficiently established that the victim suffered a protracted impairment of health (*see People v Casey*, 61 AD3d 1011, 1013 [2009], *lv denied* 12 NY3d 913 [2009]; *People v Coy*, 45 AD3d 1050, 1051 [2007]).

Defendant also contends that the verdict was against the weight of the evidence. While a different verdict would not have been unreasonable, "[v]iewing the evidence in a neutral light, and accepting the jury's credibility determinations, [we find

that] the verdict was not against the weight of the evidence" (*People v Pine*, 82 AD3d at 1500; *see People v Casey*, 61 AD3d at 1013).

Defendant next contends that he was denied a fair trial as a result of two comments made by County Court during the course of the trial. Viewing these isolated comments in their context, we are not persuaded that they "prevent[ed] the jury 'from arriving at an impartial judgment on the merits' or deprive[d] defendant of a fair trial" (*People v Majors*, 64 AD3d 1085, 1087 [2009], *lv denied* 13 NY3d 860 [2009], quoting *People v Moulton*, 43 NY2d 944, 946 [1978]).

Defendant's remaining contentions, that he was denied the effective assistance of counsel and his sentence is harsh and excessive, have been considered and found to be without merit.

Rose, J.P., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.