# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1156
KA 12-00749
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                      MEMORANDUM AND ORDER

CHRISTOPHER T. WALKER, JR., DEFENDANT-APPELLANT.

---

THOMAS J. EOANNOU, BUFFALO (JEREMY D. SCHWARTZ OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. VIOLANTE, DISTRICT ATTORNEY, LOCKPORT (LAURA T. BITTNER OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 26, 2010. The judgment convicted defendant, upon his plea of guilty, of attempted robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [3]), defendant contends that County Court abused its discretion in denying his recusal motion made at sentencing. Even assuming, arguendo, that defendant's contention survives his valid waiver of the right to appeal (*cf. People v Mahipat*, 49 AD3d 1243, 1244), we conclude that it is without merit. The court was not required to recuse itself from sentencing defendant based on the fact that it had presided over the codefendant's trial (*see People v Bennett*, 238 AD2d 898, 899-900, *lv denied* 90 NY2d 855, 90 NY2d 890, *cert denied* 524 US 918). "Moreover, none of [the c]ourt's remarks . . . was indicative of bias against defendant and, therefore, recusal was not warranted on [that] basis" (*People v Casey*, 61 AD3d 1011, 1014, *lv denied* 12 NY3d 913; *see People v Johnson*, 294 AD2d 908, 908, *lv denied* 98 NY2d 677). Finally, defendant's valid waiver of the right to appeal encompasses his contention concerning the denial of his request for youthful offender status (*see People v Rush*, 94 AD3d 1449, 1449, *lv denied* 19 NY3d 967; *People v Farewell*, 90 AD3d 1502, 1502, *lv denied* 18 NY3d 957).

Entered: November 16, 2012                       Frances E. Cafarell
                                                 Clerk of the Court