■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE R. BAUGH, Appellant. [956 NYS2d 313]—

---

* Defendant also waived an intoxication defense.

Kavanagh, J.

Defendant was subsequently charged by indictment with assault in the second degree with respect to the victim and assault in the third degree with respect to Castillo. He filed an omnibus motion seeking, among other things, inspection of the grand jury minutes, suppression of the statements he made to the police and dismissal of the indictment (*see* CPL 210.30, 210.20). County Court dismissed the assault charge as it pertained to Castillo, but after a hearing denied defendant's motion to suppress the statements he made to the police after his arrest. After a trial, defendant was found guilty of assault in the second degree and was subsequently sentenced, as a second felony offender, to seven years in prison, to be followed by five years of postrelease supervision. Defendant now appeals.

Defendant initially argues that because he was intoxicated and exhausted from a lack of sleep, he could not have effectively waived his *Miranda* rights at police headquarters and, therefore, the statements attributed to him by the police should have been suppressed. Intoxication will only serve to invalidate the waiver of one's constitutional rights "when the degree of inebriation has risen to the level of mania or to the level where the defendant is unable to comprehend the meaning of his or her words" (*People v Scott*, 47 AD3d 1016, 1020 [2008], *lv* denied 10 NY3d 870 [2008] [internal quotation marks and citation omitted]; *see People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389

US 874 [1967]; *People v Williams*, 40 AD3d 1364, 1365 [2007], *lv denied* 9 NY3d 927 [2007]; *see also People v Alke*, 90 AD3d 943, 943 [2011], *lv denied* 19 NY3d 994 [2012]; *People v Thornton*, 87 AD3d 663, 664 [2011], *lv denied* 18 NY3d 862 [2011]). Here, defendant testified at the suppression hearing that he consumed a substantial amount of alcohol prior to the incident and was "still intoxicated and tired" when questioned by the police. However, he acknowledged that while he was at police headquarters, he was read his *Miranda* warnings, understood them, and agreed to waive them before making any statements regarding the incident. This evidence, coupled with testimony of police officers that defendant was alert and coherent when questioned, established beyond a reasonable doubt that he voluntarily and knowingly waived his constitutional rights and then, of his own volition, made statements regarding the incident to the police.

Defendant also claims that his conviction is not supported by legally sufficient evidence and is against the weight of the credible evidence introduced at trial. Specifically, he argues that the People failed to present competent evidence that he, as opposed to other individuals involved in the incident, caused the serious injuries sustained by the victim in this assault. Defendant also argues that the evidence was legally insufficient to establish that he acted in concert with those individuals when the victim was seriously injured and, therefore, could not be held criminally liable as an accessory for this felony assault.

Assault in the second degree requires that evidence be presented that "[w]ith the intent to cause serious physical injury to another person, [a defendant] cause[d] such injury to such person" (Penal Law § 120.05 [1]). Serious physical injury is "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; *see People v Brown*, 100 AD3d 1035, 1036 [2012]). Here, the evidence established that defendant was guilty of assaulting the victim either as a principal or as an accessory who acted in concert with others when this attack on the victim was perpetrated (*see People v Mateo*, 2 NY3d 383, 408 [2004], *cert denied* 542 US 946 [2004]; *People v Rivera*, 84 NY2d 766, 768 [1995]; *People v Wheatley*, 55 AD3d 947, 949 [2008], *lv denied* 11 NY3d 931 [2009]).

Defendant's guilt as a principal was based on statements attributed to him by the police as well as testimony given by numerous eyewitnesses who stated that defendant was inti-

mately involved in the melee and kicked the victim in the head during the fight that ensued while the victim was on the ground and unable to defend himself. Medical evidence introduced at trial confirmed that defendant's actions as described by these witnesses could cause the serious injuries that the victim sustained in this assault.

To establish defendant's guilt as an accessory, evidence must be presented that when the victim was seriously injured, defendant aided and abetted in the attack and did so with the mental culpability required for the commission of a felony assault (*see* Penal Law § 20.00). Defendant contends that it has not been proved that he, as opposed to others involved in the fight, delivered the blow that caused the victim's serious head injury. However, even if this were so, his conviction for felony assault would be supported by legally sufficient evidence if, at the time of the assault, he intended the victim to be seriously injured and "solicit[ed], request[ed], command[ed], importune[d], or intentionally aid[ed]" other individuals when they attacked the victim (Penal Law § 20.00; *see People v Smith*, 89 AD3d 1126, 1129 [2011], *lv denied* 18 NY3d 962 [2012]; *People v Weiner*, 226 AD2d 757, 758 [1996]). In that regard, we note that before the victim was injured, a verbal confrontation occurred outside the bar involving defendant and his friends and other individuals, including the victim and Castillo. When a fight later erupted, witnesses identified defendant as being part of a group of individuals who were kicking the victim while he lay on the ground and was seriously injured. That evidence established that defendant, at that moment, was part of the group that attacked the victim and shared a "community of purpose" with them when the victim was seriously injured (*People v Francis*, 83 AD3d 1119, 1122 [2011], *lv denied* 17 NY3d 806 [2011]). As such, defendant, at the very minimum, was an accessory and, therefore, criminally liable for felony assault (*People v Ficarrota*, 91 NY2d 244, 248 [1997]; *see People v Nicholson*, 97 AD3d 968, 969 [2012], *lv denied* 19 NY3d 1104 [2012]; *see also People v Gangar*, 79 AD3d 1262, 1263 [2010], *lv denied* 16 NY3d 831 [2011]). Moreover, assuming a different verdict would not have been unreasonable, and viewing the evidence in a neutral light and deferring to the jury's credibility determinations, this verdict was not against the weight of the credible evidence introduced at trial (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Smith*, 89 AD3d at 1131).

Finally, we are unpersuaded that defendant's sentence was harsh or excessive. This was, by any measure, a brutal assault and the victim sustained injuries that will undoubtedly have

lasting consequences. We are unaware of any extraordinary or mitigating circumstances that would warrant a reduction of the sentence imposed by County Court (*see People v Dudley*, 100 AD3d 1103, 1104 [2012]; *People v Nicholson*, 97 AD3d at 970; *People v Ingram*, 95 AD3d 1376, 1378-1379 [2012], *lv denied* 19 NY3d 974 [2012]).

Mercure, J.P., Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.