OPINION OF THE COURT
Garry, J.
In April 2011, State Troopers investigated a domestic disturbance in the Town of Peru, Clinton County and were told by the victim that defendant had choked her with one hand while shoving a piece of pizza in her face with the other. The troopers observed cuts, scratches, abrasions and red marks on the victim’s face and neck, and other injuries that she said defendant had caused. Defendant was charged with one count of strangulation in the second degree and three counts of assault in the third degree. The victim and defendant later reconciled and, in the course of the jury trial, the victim partially recanted her claims, testifying that defendant had rubbed pizza in her face but had not choked or strangled her. Defendant was convicted of all charges and moved to set aside the verdict as to the strangulation charge pursuant to CPL 330.30. County Court denied the motion and sentenced defendant to an aggregate prison term of five years and two years of postrelease supervi *193 sion. Defendant appeals, challenging the sufficiency and weight of the evidence supporting the strangulation conviction.[1]
In 2010, the Legislature enacted several criminal statutes to address choking, strangling, and other forms of intentional interference with a victim’s breathing or circulation (see Penal Law art 121; William C. Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 121.11, 2013 Pocket Part at 38). At the time of enactment, the Legislature stated that domestic abusers use strangulation as “a form of power and control [that] has a devastating psychological effect on victims and a potentially fatal outcome” (Senate Introducer Mem in Support, Bill Jacket, L 2010, ch 405 at 9, 2010 McKinney’s Session Laws of NY at 1977) and noted that strangulation can be challenging to prosecute as it may not cause obvious injuries, thus allowing the crime to go unpunished (see Assembly Mem in Support, Bill Jacket, L 2010, ch 405 at 15). In the statutory scheme, the severity of the offense is measured by the degree of the consequent harm. A person commits the misdemeanor of crimina] obstruction of breathing or blood circulation when, “with intent to impede the normal breathing or circulation of the blood of another person, he or she: a. applies pressure on the throat or neck of such person; or b. blocks the nose or mouth of such person,” with no resulting injury (Penal Law § 121.11). Such acts resulting in “stupor, loss of consciousness for any period of time, or any other physical injury or impairment” constitute the felony of strangulation in the second degree (Penal Law § 121.12); strangulation in the first degree involves “serious physical injury” (Penal Law § 121.13). Here, there was no claim that the victim suffered stupor or loss of consciousness and, in challenging his conviction for strangulation in the second degree, defendant argues that the evidence did not establish that he caused the victim to suffer physical injury or impairment by choking or strangling her. We disagree.
The Penal Law defines “physical injury” as an “impairment of physical condition or substantial pain” (Penal Law § 10.00 [9]). To be substantial, pain must be “more than slight or trivial” but “need not ... be severe or intense” (People v Chiddick, 8 NY3d 445, 447 [2007]; see People v Stearns, 72 AD3d 1214, 1216-1217 [2010], lv denied 15 NY3d 778 [2010]). Significant factors in determining whether pain is “substantial” *194 include the objective nature of the injury, the victim’s subjective experience and whether the victim sought medical treatment (see People v Chiddick, 8 NY3d at 447-448; People v Dixon, 62 AD3d 1036, 1039 [2009], lv denied 12 NY3d 914 [2009]). Here, an investigating trooper stated that the victim was “complaining of pain loudly” upon his arrival. He and another trooper observed and photographed cuts, scratches and abrasions “all over” the victim’s top lip and on her nose, as well as a red mark on the right side of her neck; these photographs were introduced into evidence at trial.
The victim was treated at a hospital emergency room. The medical records reveal that she stated that her boyfriend had choked her and pushed her in the face and throat, and had shoved pizza in her face. She reported that her breathing was painful, and that she was experiencing nausea and shortness of breath. Her treating physician testified that he observed abrasions and tenderness on both sides of her face and the right side of her neck, including signs of trauma on her neck that he testified “could be” claw marks resulting from strangulation; his diagram in the medical records depicts injuries on the victim’s nose, around her mouth and on the lower right side of her neck. The victim was diagnosed with head trauma, facial contusions and a knee sprain. In the course of her treatment she described her pain as 9 on a scale of 10, and two separate opiate pain relievers were prescribed. Contrary to defendant’s contention, the evidence does not support a finding that the victim’s pain resulted primarily from her sprained knee or preexisting injuries;[2] the treating physician described the injuries to the victim’s face and neck as her “chief complaint.” Considering the nature of the injuries, the victim’s reported pain and the treatment she received, the evidence was sufficient to submit the question of substantial pain to the jury (see People v Chiddick, 8 NY3d at 446; People v Jones, 79 AD3d 1244, 1245-1246 [2010], lv denied 16 NY3d 832 [2011]; People v Stearns, 72 AD3d at 1217).
We further find legally sufficient evidence that defendant caused the victim’s injuries by applying pressure to her throat or neck and/or blocking her nose and mouth (see Penal Law §§ 121.11, 121.12). As defendant asserts, the victim ultimately testified that defendant did not choke or strangle her, and a police report in which she stated otherwise — used by the People to impeach her credibility — did not constitute direct evidence of *195 defendant’s actions. However, the jury was not required to credit the victim’s denial as opposed to the testimony of the several witnesses who described her statements on the night of the incident that defendant had choked her, together with the evidence of the nature and location of her injuries. Additionally, a trooper testified that defendant had admitted that he “place[d] [a] hand over [the victim’s] mouth” and rubbed pizza in her face. Defendant argues that his intent to interfere with the victim’s breathing was not proven, but criminal intent may be inferred from a defendant’s actions and the surrounding circumstances (see People v Johnson, 107 AD3d 1161, 1163 [2013], lv denied 21 NY3d 1075 [2013]; People v Nicholson, 97 AD3d 968, 969 [2012], lv denied 19 NY3d 1104 [2012]; People v Nash, 64 AD3d 878, 881 [2009]). Here, intent to interfere with the victim’s breathing could be readily inferred from defendant’s conduct in choking her while covering her nose and mouth with pizza and/or his hand. Thus, viewing the evidence in the light most favorable to the People, it cannot be said that there is no “valid line of reasoning and permissible inferences which could lead a rational person” to the verdict reached by the jury (People v Boyd, 97 AD3d 898, 898 [2012], lv denied 20 NY3d 1009 [2013] [internal quotation marks and citation omitted]; see People v Bleakley, 69 NY2d 490, 495 [1987]; compare People v White, 100 AD3d 1397, 1398-1399 [2012]). Finally, viewing the evidence in a neutral light and according the appropriate deference to the jury’s credibility determinations, the verdict is not against the weight of the evidence (see People v Boyd, 97 AD3d at 899; People v Chandler, 94 AD3d 1155, 1156 [2012], lv denied 19 NY3d 971 [2012]; People v Hayden, 60 AD3d 1155, 1157 [2009], lv denied 12 NY3d 854 [2009]).
Peters, PJ., Rose and Lahtinen, JJ., concur.
Ordered that the judgment is affirmed.

. Defendant does not challenge the assault convictions (see People v Lupo, 92 AD3d 1136, 1137 n [2012]).

. The victim had a broken finger and other injuries that defendant had previously caused.