Garry, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered April 2, 2012, which resentenced defendant following his conviction upon his plea of guilty of the crime of assault in the second degree.
Defendant was indicted for assault in the first degree after it was alleged that he struck his paramour in the back of the head with a blunt object, causing a subdural hematoma and a depressed skull fracture that required surgery. Thereafter, in exchange for a negotiated sentence, defendant entered an Alford plea to one count of assault in the second degree in satisfaction of both the instant indictment and a second, unrelated indictment. Defendant was then sentenced to the agreed-upon prison term of seven years with five years of postrelease supervision, and defendant appealed. Thereafter, upon discovering that the original sentence was not permissible, County Court resentenced defendant, reducing the period of postrelease supervision to three years.
Preliminarily, we note that defendant failed to file a notice of appeal from the resentencing. However, despite the notice of appeal being premature with respect thereto, we will exercise our discretion and treat the notice of appeal as valid (see CPL 460.10 [6]; People v Brainard, 111 AD3d 1162, 1163 [2013]; People v Therrien, 78 AD3d 1331, 1332 [2010]). Turning to the merits, we reject defendant’s contention that the resentence imposed is harsh and excessive. Although defendant’s criminal history is not lengthy, we note that there was evidence that defendant had *1099 a history of domestic violence, the underlying offense was particularly violent and, while incarcerated for the instant offense, he assaulted a correction officer, for which he was also facing charges. While defendant received the maximum sentence for the crime for which he pleaded guilty, that is the sentence to which he agreed. Significantly, he faced an aggregate term of up to 32 years in prison if convicted of the crimes alleged in the two indictments that were satisfied by this plea. Accordingly, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Mayo, 100 AD3d 1155, 1156 [2012]; People v Blume, 92 AD3d 1025, 1028 [2012], lv denied 19 NY3d 957 [2012]). Defendant’s remaining arguments have been considered and found to be without merit.
Lahtinen, J.E, McCarthy and Egan Jr., JJ., concur.
Ordered that the judgment is affirmed.