Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  November 13, 2014                    105069
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                      MEMORANDUM AND ORDER

BILLY D. GANOE JR.,
                        Appellant.
_____


Calendar Date:  October 8, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Lynch, JJ.


                    _____


        Gail B. Rubenfeld, Monticello, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.


                    _____


Rose, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered March 16, 2012, which resentenced
defendant following his conviction upon his plea of guilty of the
crime of burglary in the second degree (two counts).

        Defendant was arrested following a string of burglaries and
was charged with various crimes in a 31-count indictment.  In
full satisfaction of that indictment, defendant pleaded guilty to
two counts of burglary in the second degree in exchange for a
negotiated sentence of 10 years in prison followed by five years
of postrelease supervision on each count, to be served
concurrently to each other but consecutively to any sentence
imposed as the result of other pending charges.  Thereafter,
defendant was sentenced as a second felony offender to the

negotiated prison term, but without the term of postrelease supervision, and ordered to pay $19,721 in restitution. Defendant appealed. Thereafter, upon discovering that it had been remiss in failing to impose postrelease supervision, County Court resentenced defendant to concurrent prison sentences of 10 years followed by five years of postrelease supervision.

Initially, we will exercise our discretion and treat the premature notice of appeal as valid (see CPL 460.10 [6]; People v Shan, 117 AD3d 1098, 1098 [2014], lv denied 23 NY3d 1042 [2014]). Turning to the merits, defendant's contention that County Court should have recused itself because of certain comments made during sentencing is raised for the first time on appeal and is, therefore, unpreserved for appellate review (see People v Casey, 61 AD3d 1011, 1014 [2009], lv denied 12 NY3d 913 [2009]). In any event, the comments, although injudicious, were made in response to defendant's perceived lack of remorse, long criminal record and his argumentative behavior during the proceedings. There is no indication in the record, however, that County Court was impermissibly biased against defendant (see People v Glynn, 21 NY3d 614, 618-619 [2013]; People v Walker, 100 AD3d 1522, 1523 [2012], lv denied 20 NY3d 1104 [2013]; People v Casey, 61 AD3d at 1014). In fact, during the resentencing of defendant, the court agreed that the resentence would be retroactive in order to avoid the possibility that it could be imposed consecutively to a concurrent prison sentence that defendant had received in the interim, "out of fairness" to defendant.

We also reject defendant's contention that his sentence was harsh and excessive. Defendant has a lengthy criminal record spanning almost 20 years involving multiple felonies. Nonetheless, he was permitted to plead guilty to just two counts of a 31-count indictment and he bargained for sentences that were shorter than the maximum allowed and imposed concurrently, rather than consecutively. No extraordinary circumstances exist and we find no abuse of discretion that would warrant a reduction of defendant's sentence in the interest of justice (see People v Patterson, 119 AD3d 1157, 1158-1159 [2014]; People v Kerwin, 117 AD3d 1097, 1098 [2014]).

Peters, P.J., Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court