■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAM EDDINS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered March 11, 1988, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence as a persistent felony offender. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

While we recognize that the admission of the pretrial statement of the nontestifying codefendant was improper (see, Cruz v State of New York, 481 US 186; Bruton v United States, 391 US 123), under the circumstances here the error was harmless beyond a reasonable doubt (see, People v Hamlin, 71 NY2d 750; People v Crimmins, 36 NY2d 230).

The defendant and the other four participants were arrested shortly after a robbery in the immediate vicinity of the scene of the crime. Property belonging to the complainant was recovered from them. The defendant was tried with the codefendant Reed, who had made a statement admitting that he, Reed, had held a "blade" to the complainant's neck as the defendant and the others went through the complainant's pockets.

Initially, the defendant denied any involvement and claimed that he had received a calculator, which was recovered from his person, as a gift from his codefendant Reed. After the

police officers informed the defendant that they believed he was lying, the defendant made another statement admitting his presence during the robbery. Thereafter, the defendant brought the police officers to the area where they recovered the remainder of the complainant's property.

Although his own statement minimized his involvement, the defendant was identified by the complainant as one of the participants in the robbery. In light of this overwhelming proof of guilt, we find that there is no reasonable possibility that the outcome of the trial as to this defendant would have been different had the trial court excluded the statements of his codefendant Reed (see, People v West, 72 NY2d 941; People v Hamlin, supra).

Moreover, the court did not err in permitting the amendment to the indictment sought by the People without objection by the defense counsel (see, People v Reed, 168 AD2d 645 [decided herewith]).

The defendant's claim of error with regard to the imposition of sentence is also unconvincing. The court properly adjudicated the defendant a persistent felony offender. The fact that he received a sentence after trial which was greater than the sentence of the codefendants who pleaded guilty does not automatically establish that the sentencing court improperly increased his punishment due to his assertion of his right to a trial (see, People v Patterson, 106 AD2d 520). Rather, the record demonstrates that the court weighed the relevant factors in determining the appropriate sentence, and the acceptable objectives of sentencing were satisfied (see, People v Suitte, 90 AD2d 80).

The remaining contentions asserted on appeal are either without merit or unpreserved for appellate review as a matter of law, and do not warrant review in the exercise of our interest of justice jurisdiction. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.