■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM REED, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered November 12, 1987, convicting him of robbery in the first degree, robbery in the second degree (two counts), criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence as a second felony offender. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

On the night of February 18, 1987, the defendant and four others approached the complaining witness as he left his car to enter his Queens apartment. The defendant held a knife to the complainant's throat and threatened him while the other participants removed his property. Shortly after the robbery, all of the five participants were arrested in the immediate vicinity of the crime scene and identified by the complainant. The complainant's property was recovered.

A knife was recovered from the defendant which the complainant identified as the knife used by the defendant during the robbery. The defendant made a statement admitting that he held a "blade" to the complainant's neck. The knife, which was described as having a small silver handle with a razor blade at the end, was introduced in evidence at the trial.

The count in the indictment charging the defendant with

robbery in the first degree alleged that the defendants, acting in concert, "were armed with a deadly weapon, to wit, a switchblade knife". Similarly, the count of the indictment charging the defendant with criminal possession of a weapon in the fourth degree alleged that the defendants, acting in concert, "unlawfully possessed a deadly weapon, to wit; a switchblade knife". Prior to opening statements, the trial court permitted the prosecution to amend the indictment by substituting the language in the robbery in the first degree count to allege instead that the defendants "used or threatened the immediate use of a dangerous instrument", and in the weapons possession count to allege that the defendant "unlawfully possessed a dangerous instrument". Counsel for the defendant stated that she had no objection to this amendment. The defendant was ultimately convicted of these and other counts contained in the indictment.

We reject the defendant's contention on appeal that the court was precluded from permitting this amendment pursuant to CPL 200.70 on the ground that it changed the theory of the prosecution. The prosecution's theory was that the defendant had, during the robbery, used the knife which was recovered from the defendant, identified by the complainant, and introduced into evidence. This theory never changed *(see, People v Johnson,* 163 AD2d 613). The amendment was not designed to cure any insufficiency in the factual allegations *(cf., People v Sollars,* 91 AD2d 909).

Moreover, by her failure to object, it is apparent that the defense counsel did not believe that the amendment prejudiced the defendant's defense *(see, e.g., People v Hartman,* 123 AD2d 883; *People v Ames,* 115 AD2d 543). In these circumstances, the trial court did not err in permitting the amendment. Moreover, the defendant's presence was not constitutionally required during the amendment application *(see, People v Anderson,* 16 NY2d 282, 288; *People v Vega,* 34 AD2d 1019).

While the admission of the pretrial statements of the nontestifying codefendant was improper *(see, Cruz v State of New York,* 481 US 186; *Bruton v United States,* 391 US 123), under the circumstances the error was harmless beyond a reasonable doubt *(see, People v Eddins,* 168 AD2d 630 [decided herewith]).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review and/or without merit. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.