■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN THURMAN, Appellant.—Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered November 9, 1989, convicting defendant, after a jury trial, of 2 counts of robbery in the second degree, criminal use of a firearm in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent prison terms of 13 years to life on the robbery and weapon counts and 6 months on the stolen property count, unanimously affirmed.

Defendant's arguments that the trial court improperly allowed a juror to make a telephone call and denied his right to be present at a material stage of the trial are not preserved for appellate review as questions of law. Were we to review in the interest of justice, the claims fail on the merits. Under CPL 310.10, deliberating jurors may not speak with outside parties "[e]xcept when so authorized by the court". Here, the

Trial Judge inquired into the juror's need to make a personal telephone call to her daughter and determined that their family problem could be resolved by permitting that call. There is no basis for defendant's speculation that the juror might have been prejudiced by speaking on the telephone. The trial court did not abuse its discretion in permitting the telephone communication. Nor did the defendant's purported absence from the robing room during this conversation between the Judge and the juror deny defendant his right to be present at a material stage of the trial because the discussion involved no factual or legal issues facing the deliberating jury *(see, People v Harris,* 76 NY2d 810, 812).

We have considered defendant's *pro se* supplemental brief claiming, *inter alia,* that he was denied effective assistance of counsel, and we find his claims to be without merit. Concur— Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ.