■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WILLIAMS, Appellant. [634 NYS2d 459] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered June 21, 1993, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of $8^1/_3$ to 25 years, unanimously affirmed.

Defendant was properly convicted of robbery under the theory of use or threatened use of a dangerous instrument. While defendant used a knife as a tool to cut the strap of the pocketbook, the jury could properly find that defendant continued to display the knife for the purpose of terrorizing the victim and overcoming further resistance. Defendant's related claim that the People could not rely on the theory that he "threatened the immediate use" of a dangerous instrument

since the court charged the jury on the term "use" but allegedly not on the term "threatened the immediate use" is unpreserved. In any event, the court's charge, as a whole, "adequately conveyed the appropriate legal principles to the jury" (*People v Chrisp*, 194 AD2d 465, 466, *lv denied* 82 NY2d 752).

The verdict was not against the weight of the evidence. The issues of credibility raised by defendant in this regard were properly placed before the jury, and there is no reason on the record to disturb its determination.

Defendant's argument that he was deprived of a fair trial and effective representation due to the court's failure to respond to a jury note and to disclose it to him immediately upon its receipt is unpreserved. At approximately 4:30 P.M., on the third day of deliberations, the court received three notes from three separate jurors, one of whom asked permission to telephone his family. The other two made other personal requests. The court did not respond to the notes nor disclose them to the parties. Another note, received about an hour later, indicated that the jury had reached a verdict. After the verdict was read, the jury was polled. The juror in question said he was not sure about the verdict and the jury was sent back to deliberate. At 6:15 P.M. and 6:25 P.M., the court received two more notes; one juror requesting "air" and the second informing the court that a verdict had been reached. The court advised defendant of all the notes it had received, including the note about telephoning the juror's family. The verdict was read and the jurors were polled without incident. Defendant never objected to the procedure employed by the court and never requested that the court take any of the remedial measures he now suggests on appeal. Were we to review defendant's claim in the interest of justice, we would reject it. Following a request for additional information or instruction "with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case", a court must notify counsel and respond meaningfully to the inquiry (CPL 310.30; *People v O'Rama*, 78 NY2d 270, 276). Here, the juror's request to call his home addressed a personal need rather than a substantive request about the crimes charged or the evidence in the case. Moreover, assuming *arguendo*, that the note was within the scope of CPL 310.30, defendant failed to demonstrate that he was " 'seriously prejudice[d]' " by the court's failure to disclose it immediately upon its receipt (*People v Agosto*, 73 NY2d 963, 966). Concur—Rosenberger, J. P., Ellerin, Rubin, Asch and Nardelli, JJ.