■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v THOMAS JEFFERY, Respondent. [894 NYS2d 797]—

Appeal from an order of the Monroe County Court (John J. Connell, J.), dated June 7, 2007. The order granted that part of the motion of defendant seeking to dismiss the indictment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law, that part of the motion seeking to dismiss the indictment is denied, the indictment is reinstated, and the matter is remitted to Monroe County Court for further proceedings on the indictment.

Memorandum: The People appeal from an order that dismissed the indictment against defendant on the ground that the People failed to comply with the requirements of Vehicle and Traffic Law § 1194 (2) (f) and thus improperly presented evidence to the grand jury concerning defendant's refusal to submit to a chemical test. County Court determined that the remaining admissible evidence before the grand jury was legally insufficient. We agree with the People that the court erred in dismissing the indictment. Although the court properly concluded that the evidence of defendant's refusal to submit to a chemical test was erroneously presented to the grand jury (*see generally People v Thomas*, 46 NY2d 100, 108 [1978], *appeal dismissed* 444 US 891 [1979]), we note that " 'dismissal of an indictment

under CPL 210.35 (5) must meet a high test and is limited to instances of prosecutorial misconduct, fraudulent conduct or errors which potentially prejudice the ultimate decision reached by the [g]rand [j]ury' " (*People v Sheltray*, 244 AD2d 854, 855 [1997], *lv denied* 91 NY2d 897 [1998]). We agree with the People that there were no such instances here. Furthermore, we reject defendant's contention that the grand jury proceedings were impaired by the presentation of the inadmissible evidence. It is well settled that "not every . . . elicitation of inadmissible testimony . . . renders an indictment defective. Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment" (*People v Huston*, 88 NY2d 400, 409 [1996]). We also agree with the People that the remaining admissible evidence was legally sufficient to support the indictment (*see generally People v Velasquez*, 65 AD3d 1266, 1266-1267 [2009]; *People v Scroger*, 35 AD3d 1218 [2006], *lv denied* 8 NY3d 950 [2007]; *People v Hamm*, 29 AD3d 1079, 1080 [2006]). We therefore reverse the order, deny that part of defendant's omnibus motion seeking to dismiss the indictment, reinstate the indictment, and remit the matter to County Court for further proceedings on the indictment. Present—Smith, J.P., Fahey, Carni and Green, JJ.