# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

727

KA 11-00376

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

JAY PECK, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (SUSAN C. AZZARELLI OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered January 26, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, grand larceny in the third degree and conspiracy in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the surcharge to 5% of the amount of restitution ordered and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), grand larceny in the third degree (former § 155.35) and conspiracy in the fourth degree (§ 105.10 [1]). The charges stem from defendant's participation in a conspiracy to break into the apartment of the victim, who was being detained with defendant at the Onondaga County Jail. Through a series of recorded telephone conversations between defendant, who was incarcerated, and his sister, defendant directed his sister and her boyfriend to the victim's apartment. Once they arrived, defendant told them how to break into the victim's apartment and where to locate $9,000 in cash. Contrary to defendant's contention, County Court properly denied that part of his omnibus motion seeking to dismiss the indictment on the ground that the integrity of the grand jury proceeding was impaired when the tape-recorded conversations were improperly admitted in evidence (*see* CPL 210.35 [5]). Although the People do not dispute the court's determination that they failed to establish an adequate foundation for the admission of those recordings (*see generally People v Ely*, 68 NY2d 520, 527-528), they contend that the error did not require dismissal of the indictment. We agree. " '[T]he submission of some inadmissible evidence [to the grand jury] will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment' . . . and, here, the remaining evidence was legally sufficient to

support the indictment" (*People v Tuszynski*, 71 AD3d 1407, 1408, *lv denied* 15 NY3d 810, quoting *People v Huston*, 88 NY2d 400, 409; *see People v Jeffery*, 70 AD3d 1512, 1512-1513; *cf. People v Barabash*, 18 AD3d 474, 474-475).

Defendant further contends that the court erred in allowing a court officer to permit a deliberating juror to separate from the other jurors to make a telephone call without first investigating the necessity of such a telephone call or ensuring that the call was supervised. It is undisputed that defendant raised no objection to the procedures utilized by the court in handling the matter. We reject defendant's contention that his challenge may be reviewed even in the absence of an objection. Violations of the sequestration provision of CPL 310.10 are not errors that fall within the "very narrow category of so-called 'mode of proceedings' errors" that are reviewable even in the absence of a timely objection (*People v Agramonte*, 87 NY2d 765, 770). That is because "the sequestration requirement does not 'entail[] a part of the process . . . essential to the form and conduct of the actual trial' " (*id.*, quoting *People v Webb*, 78 NY2d 335, 339; *see e.g. People v Williams*, 221 AD2d 246, 247, *lv denied* 87 NY2d 926; *People v Thurman*, 186 AD2d 484, 484-485, *lv denied* 81 NY2d 795). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, he was not punished for asserting his right to trial. " 'The mere fact that [the] sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Powell*, 81 AD3d 1307, 1308, *lv denied* 17 NY3d 799; *see People v Glynn*, 93 AD3d 1341, 1342-1343; *see generally People v Pena*, 50 NY2d 400, 411-412, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087). "In addition, '[t]he fact that defendant's sentence was greater than that of his codefendant[s, who accepted plea agreements,] does not substantiate his [contention] that he was improperly punished for going to trial' " (*People v Smith*, 90 AD3d 1565, 1567, quoting *People v Elwood*, 80 AD3d 988, 990, *lv denied* 16 NY3d 858; *see People v Eddins*, 168 AD2d 630, 631, *lv denied* 78 NY2d 954).

Although we conclude that the sentence is not unduly harsh or severe, we note that the People correctly concede that the court erred in imposing a 10% surcharge on the amount of restitution ordered and instead should have imposed a surcharge of 5% (*see* Penal Law § 60.27 [8]; *People v Lagasse*, 68 AD3d 1718, *lv denied* 14 NY3d 889; *People v Gahrey M.O.*, 231 AD2d 909, 909-910). We therefore modify the judgment accordingly.

Entered: June 8, 2012                                    Frances E. Cafarell
                                                        Clerk of the Court