# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**64**

**KA 11-00486**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENT D. SPRATLEY, DEFENDANT-APPELLANT.

---

CHRISTOPHER JUDE PELLI, UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered November 17, 2010. The appeal was held by this Court by order entered June 8, 2012, decision was reserved and the matter was remitted to Oneida County Court for further proceedings (96 AD3d 1420). The proceedings were held and completed (Barry M. Donalty, J.).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision and remitted the matter to County Court to rule on defendant's renewed pretrial motion to dismiss the indictment "based on allegedly prejudicial conduct during the grand jury proceeding," i.e., the presentation of testimony concerning handguns found in a bag in the trunk of defendant's vehicle (*People v Spratley*, 96 AD3d 1420, 1421). We determined in our prior decision that defendant's remaining contentions on the appeal from the judgment of conviction after a nonjury trial lacked merit (*id.* at 1420-1421). Upon remittal, the court denied the motion, and we now affirm.

Defendant contended in support of his renewed motion to dismiss the indictment that certain testimony of a police investigator regarding the handguns was not relevant and was prejudicial. A court may, upon the motion of a defendant, dismiss an indictment on the ground that the grand jury proceeding was "defective" (CPL 210.20 [1] [c]). A grand jury proceeding is defective when "the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; *see People v Huston*, 88 NY2d 400, 409). There "must be an articulable 'likelihood of' or at least 'potential for' prejudice" (*People v Adessa*, 89 NY2d 677, 686; *see Huston*, 88 NY2d at 409). Dismissal of an indictment is "limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially

prejudice the ultimate decision reached by the [g]rand [j]ury" (*Huston*, 88 NY2d at 409).

Here, contrary to defendant's contention, there was no error in the presentation of the testimony regarding the handguns during the grand jury proceeding. The victim testified before the grand jury that defendant pulled a handgun from his waistband, and the victim then heard a "bang" and realized he had been shot. The grand jury testimony that handguns were found in a bag in defendant's abandoned vehicle two hours later was thus relevant. In any event, even if the testimony was inadmissible, we agree with the court that there was no reason to dismiss the indictment. Indeed, " 'not every . . . elicitation of inadmissible testimony . . . renders an indictment defective. Typically, the submission of some inadmissible evidence will be deemed fatal only when the remaining evidence is insufficient to sustain the indictment' " (*People v Jeffery*, 70 AD3d 1512, 1513, quoting *Huston*, 88 NY2d at 409; *see People v Peck*, 96 AD3d 1468, 1469), which is not the case here.

Entered:  February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court