# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1077

KA 12-00996

PRESENT: SMITH, J.P., PERADOTTO, CARNI, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

CHEYENNE J. KOONS, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

ROSEMARIE RICHARDS, SOUTH NEW BERLIN, FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (AMANDA M. CHAFEE OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne
Furfure, A.J.), rendered February 18, 2011.  The judgment convicted
defendant, upon his plea of guilty, of criminal sexual act in the
second degree.

It is hereby ORDERED that the case is held, the decision is
reserved and the matter is remitted to Steuben County Court for
further proceedings in accordance with the following Memorandum:  In
appeal No. 1, defendant appeals from a judgment convicting him upon
his plea of guilty of criminal sexual act in the second degree (Penal
Law § 130.45 [1]) and, in appeal No. 2, he appeals from a judgment
convicting him upon his plea of guilty of attempted rape in the second
degree (§§ 110.00, 130.30 [1]).  In both appeals, defendant contends,
inter alia, that County Court abused its discretion in failing to
adjudicate him a youthful offender.  Defendant, an apparently eligible
youth (*see* CPL 720.10 [2]), pleaded guilty pursuant to a plea bargain
that provided, among other things, that he would be sentenced to
concurrent terms of probation if he successfully completed a period of
interim probation, but would be sentenced to a term of incarceration
in state prison with a term of postrelease supervision if he did not.
Defendant was released on his own recognizance, subject to the terms
of the interim probation.  The court subsequently determined, after a
hearing, that defendant had violated the terms of his interim
probation and sentenced him to a term of incarceration in state
prison, without determining whether defendant would be granted
youthful offender status.

"Upon conviction of an eligible youth, the court must order a
[presentence] investigation of the defendant.  After receipt of a
written report of the investigation and at the time of pronouncing
sentence the court must determine whether or not the eligible youth is
a youthful offender" (CPL 720.20 [1]).  The Court of Appeals has

concluded that, by the use of the word "must," the legislature has made "a policy choice that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*People v Rudolph*, 21 NY3d 497, 501). "[W]e cannot deem the court's failure to rule on the . . . [issue] as a denial thereof" (*People v Spratley*, 96 AD3d 1420, 1421, *following remittal* 103 AD3d 1211, *lv denied* 21 NY3d 1020; *see People v Ingram*, 18 NY3d 948, 949; *People v Chattley*, 89 AD3d 1557, 1558). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record "a determination of whether defendant is a youthful offender" (*Rudolph*, 21 NY3d at 503).

All concur except WHALEN, J., who dissents and votes to affirm in the following Memorandum: I respectfully dissent and would affirm. I cannot agree with the majority that *People v Rudolph* (21 NY3d 497) requires this Court to remit this case to County Court for a youthful offender determination. Rather, I conclude that the sentencing court determined that defendant was not a youthful offender and did not abuse its discretion in doing so.

In *Rudolph*, the majority noted that CPL 720.20 (1) requires that "where a defendant is eligible to be treated as a youthful offender, the sentencing court 'must' determine whether he or she is to be so treated" (21 NY3d at 499). The majority held that the use of the word " 'must' " in the statute reflected "a policy choice that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain" (*id*. at 501). Thus, the Court overruled its previous decision in *People v McGowen* (42 NY2d 905) (*see id*. at 499).

Here, when imposing the term of interim probation supervision, the court explicitly informed defendant that, if he violated the terms and conditions of the interim probation supervision, the court would sentence him as an adult and would not adjudicate him a youthful offender. After finding that defendant had violated the terms and conditions of his interim probation supervision, the court stated when sentencing defendant that defendant previously had been adjudicated a youthful offender on two occasions, but that his sentence of probation had been revoked in each instance. The court then determined that, based on that and other circumstances, "the promised sentence is appropriate here."

In my view, the court's statement at sentencing that the "promised sentence" was appropriate was sufficient to satisfy the mandate of the Court of Appeals in *Rudolph* that the sentencing court make a youthful offender determination on the record. The majority in *Rudolph* did not hold that the sentencing court must use the words "youthful offender" or invoke any other particular phrase but, rather, the majority held that "the court must make the decision in every case" (21 NY3d at 501). At sentencing, the court noted multiple factors that supported its decision to refuse to adjudicate defendant a youthful offender before stating that "the promised sentence is

appropriate here."  I therefore conclude that defendant received that to which he was entitled under the interpretation of CPL 720.20 by the Court of Appeals in *Rudolph*, i.e., "consideration by the sentencing court of whether youthful offender treatment is appropriate or not" (*id.* at 503).

I otherwise conclude that the court properly determined that defendant violated the terms and conditions of his interim probation supervision and that defendant was afforded due process.  Because I conclude that the court determined that defendant should not be adjudicated a youthful offender, I further address defendant's contention that the determination was an abuse of discretion.  I reject that contention, and I would not exercise this Court's interest of justice jurisdiction to make that adjudication (*see People v Jones*, 107 AD3d 1589, 1590, *lv denied* 21 NY3d 1075; *People v Guppy*, 92 AD3d 1243, 1243, *lv denied* 19 NY3d 961).  I would therefore affirm the judgment.

Entered:  January 3, 2014                          Frances E. Cafarell
                                                   Clerk of the Court