It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Cattaraugus County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting her upon her plea of guilty of assault in the second degree (Penal Law § 120.05 [2]), defendant contends that County Court erred in failing to adjudicate her a youthful offender. “Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender” (CPL 720.20 [1]). Here, at the time of sentencing, the court failed to determine whether defendant, an apparently eligible youth, is a youthful offender. “[W]e cannot deem the court’s failure to rule on the . . . [issue] as a denial thereof’ (People v Spratley, 96 AD3d 1420, 1421 [2012], following remittal 103 AD3d 1211 [2012], lv denied 21 NY3d 1020 [2013]; see also People v Koons, 113 AD3d 1063 [2014]). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record “a determination of whether defendant is a youthful offender” (People v Rudolph, 21 NY3d 497, 503 [2013]). Present — Scudder, P.J., Fahey, Peradotto, Garni and Valentino, JJ.