People v Koons (2020 NY Slip Op 05632)





People v Koons


2020 NY Slip Op 05632


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND CARNI, JJ.


496 KA 12-00996

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHEYENNE J. KOONS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






ROSEMARIE RICHARDS, GILBERTSVILLE, FOR DEFENDANT-APPELLANT.
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered February 18, 2011. The appeal was held by this Court by order entered January 3, 2014, decision was reserved and the matter was remitted to Steuben County Court for further proceedings (113 AD3d 1063 [4th Dept 2014]). The proceedings were held and completed. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the second degree (Penal Law § 130.45 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted rape in the second degree (§§ 110.00, 130.30 [1]). We previously held the cases, reserved decision, and remitted the matters to County Court to make and state for the record a determination whether to adjudicate defendant a youthful offender in both matters (People v Koons, 113 AD3d 1063, 1064 [4th Dept 2014]; People v Koons, 113 AD3d 1065, 1065 [4th Dept 2014]).
Upon remittal, the court declined to adjudicate defendant a youthful offender. Contrary to defendant's contention in both appeals, we conclude that the court did not abuse its discretion in denying him youthful offender status (see People v Gibson, 134 AD3d 1517, 1518 [4th Dept 2015], lv denied 27 NY3d 1069 [2016]), and we decline to exercise our interest of justice jurisdiction to adjudicate defendant a youthful offender (cf. People v Shrubsall, 167 AD2d 929, 930-931 [4th Dept 1990]).
We further conclude in both appeals that defendant was afforded due process with respect to the imposition and revocation of interim probation and that the court properly determined that defendant violated the conditions of his interim probation. Under the terms of defendant's plea agreement, he was placed on a one-year period of interim probation, which, if successfully completed, would be followed by concurrent sentences of 10 years' probation. The court explained the conditions of the interim probation to defendant during the plea colloquy and provided defendant with a written copy of those conditions, which defendant acknowledged and signed. During the period of interim probation, the probation department filed a petition charging defendant with violations of the conditions. Following a hearing, the court determined that defendant had violated the conditions of his interim probation and sentenced him to concurrent determinate terms of incarceration to be followed by a period of postrelease supervision.
Contrary to defendant's contention, "[t]he procedures set forth in CPL 410.70 do not apply where, as here, there has been no sentence of probation" (People v Rollins, 50 AD3d 1535, 1536 [4th Dept 2008], lv denied 10 NY3d 939 [2008]). Instead, because interim probation is imposed prior to sentencing, the presentence procedures set forth in CPL 400.10 apply (see [*2]Rollins, 50 AD3d at 1536). Here, the "hearing conducted by the court was sufficient pursuant to CPL 400.10 (3) to enable the court to 'assure itself that the information upon which it bas[ed] the sentence [was] reliable and accurate' " (id., quoting People v Outley, 80 NY2d 702, 712 [1993]; see People v Wissert, 85 AD3d 1633, 1634 [4th Dept 2011], lv denied 17 NY3d 956 [2011]; People v Saucier, 69 AD3d 1125, 1126 [3d Dept 2010]). Further, while defendant now claims that the court improperly relied on hearsay in making its determination, he failed to preserve that contention for our review inasmuch as he did not make that claim when the court gave him an opportunity to do so (see People v Dissottle, 68 AD3d 1542, 1544 [3d Dept 2009], lv denied 14 NY3d 799 [2010]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court