People v Howard (2023 NY Slip Op 03478)

People v Howard

2023 NY Slip Op 03478

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2019-08310
 (Ind. No. 4066/18)

[*1]The People of the State of New York, respondent,
v
Charles Howard, appellant.

Patricia Pazner, New York, NY (David P. Greenberg and Weil, Gotshal & Manges, LLP [Howard B. Comet], of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Gege Wang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), rendered July 1, 2019, convicting him of robbery in the first degree, criminal mischief in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his conviction of robbery in the first degree was not supported by legally sufficient evidence or was against the weight of the evidence. As relevant here, "[a] person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime . . . he [or she] . . . [u]ses or threatens the use of a dangerous instrument" (Penal Law § 160.15[3]). Mere possession of such an instrument, without use or threatened use of it, is insufficient to constitute first-degree robbery (see People v Pena, 50 NY2d 400, 407 n 2). However, "[t]he 'use' or 'threaten[ed] immediate use' need not be accompanied by any statement," as, under certain circumstances, the brandishing of a weapon can be enough (id. at 408).
Here, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the first degree beyond a reasonable doubt.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342).
In that regard, the evidence established that the complainant, who had been asleep on the subway, awoke to find that the defendant was cutting or had cut his pocket with a box cutter in [*2]order to steal his wallet. After the complainant awoke, the defendant did not flee. The defendant did not hold the box cutter at his side or put it in his pocket. Rather, the defendant continued to brandish the box cutter, holding it out while demanding that the complainant give the defendant what he had. The complainant testified that he, in fact, feared that the defendant would cut him. Contrary to the defendant's contention, this evidence, and the reasonable inferences to be drawn therefrom, established, beyond a reasonable doubt, that the defendant did not merely possess the box cutter while committing a larceny, but, rather, that he forcibly stole property while threatening to use the box cutter (see People v Mitchell, 59 AD3d 739; People v Carr-El, 287 AD2d 731, 732, affd 99 NY2d 546; People v Williams, 221 AD2d 246).
Accordingly, we affirm the judgment.
CONNOLLY, J.P., IANNACCI, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court