People v Howard (2025 NY Slip Op 00804)

People v Howard

2025 NY Slip Op 00804 [43 NY3d 1028]

February 13, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, July 30, 2025

[*1]

The People of the State of New York, Respondent,
v
Charles Howard, Appellant.

Argued January 7, 2025; decided February 13, 2025

PROCEDURAL SUMMARY

Appeal, by permission of an Associate Judge of the Court of Appeals, from an order of the Appellate Division of the Supreme Court in the Second Judicial Department, entered June 28, 2023. The Appellate Division affirmed a judgment of the Supreme Court, Kings County (Dena E. Douglas, J.), which had convicted defendant, upon a jury verdict, of robbery in the first degree, criminal mischief in the fourth degree, and criminal possession of a weapon in the fourth degree.

People v Howard, 217 AD3d 966, affirmed.

HEADNOTE

Crimes
 - Verdict
 - Sufficiency of Evidence
 - Alleged Contradictory Prior Statement of Sole Witness

The evidence was legally sufficient to support the inference that defendant intended to steal property forcibly from the victim, who was the sole person to testify about the facts concerning defendant's conviction of robbery in the first degree. The victim gave a statement to police, through an interpreter, several hours after the alleged robbery that was inconsistent on a material element of the offense with his trial testimony. That statement was introduced through the officer's testimony at trial, solely for the purpose of impeachment. When an alleged contradictory prior statement is admitted solely for the purpose of impeachment, the rule of People v Ledwon (153 NY 10 [1897]) and People v Jackson (65 NY2d 265 [1985]) is not implicated.

APPEARANCES OF COUNSEL

Weil, Gotshal & Manges LLP, New York City (Howard B. Comet of counsel), and Patricia Pazner, Appellate Advocates, New York City, for appellant. 
Eric Gonzalez, District Attorney, Brooklyn (Jordan Cerruti and Leonard Joblove of counsel), for respondent.

{**43 NY3d at 1029} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed.
The victim, who was the sole person to testify about the facts concerning defendant's conviction of robbery in the first degree, gave a statement to police, through an interpreter, several hours after the alleged robbery that was inconsistent on a material element of the offense with his trial testimony. That statement was introduced through the officer's testimony at trial, solely for the purpose of impeachment. When an alleged contradictory prior statement is admitted solely for the purpose of impeachment, the rule of People v Ledwon (153 NY 10 [1897]) and People v Jackson (65 NY2d 265 [1985]) is not implicated. The evidence was legally sufficient to support the inference that defendant intended to steal property forcibly (see People v Gordon, 23 NY3d 643, 651 [2014]).

Garcia, J. (concurring).
I agree that the order of the Appellate Division should be affirmed. I disagree, however, with the majority that the victim "gave" an inconsistent statement to the police (majority mem at &mdash). The statement allegedly made by the victim to a police officer was admitted solely for impeachment purposes, and the victim stated that he did not recall making that statement. "Because the victim's trial testimony was not inherently inconsistent, this case is not{**43 NY3d at 1030} akin" to those cases invoking our single witness rule (People v Delamota, 18 NY3d 107, 116 [2011] [alleged prior [*2]inconsistent statement describing perpetrator offered through police officer for impeachment purposes]; compare People v Fratello, 92 NY2d 565, 569 [1998] [victim's prior statements admitted for the truth of the matter asserted under the "excited utterance" exception to the hearsay rule]; People v Ledwon, 153 NY 10, 21 [1897] [applying single witness rule where there were "hopeless contradictions" in the witness's trial testimony, namely he asserted both that his father committed suicide and that he was murdered by the defendants]). "That two or more witnesses give conflicting testimony . . . simply creates a credibility question for the jury" (People v Jackson, 65 NY2d 265, 272 [1985] [declining to apply the single witness rule in a case involving conflicting expert testimony]). Taking the issue from the jury where the second witness offers only an alleged prior inconsistent statement for impeachment purposes would require a court to find, as a matter of law, that the testifying witness was impeached to the extent that no rational jury could find the trial testimony credible. That high bar for removing the issue from the jury was not met here. As in Delamota (18 NY3d at 110), the evidence in this case was legally sufficient to support the conviction.
Chief Judge Wilson and Judges Rivera, Troutman and Halligan concur. Judge Garcia concurs in result in an opinion, in which Judges Singas and Cannataro concur.
Order affirmed, in a memorandum.